[This opinion has been published in *Ohio Official Reports* at 90 Ohio St.3d 439.]

MIELE ET AL., APPELLANTS, *v.* RIBOVICH, APPELLEE.

[Cite as *Miele v. Ribovich*, 2000-Ohio-193.]

*Civil procedure—Applicability of Civ.R. 53(E) to procedure in forcible entry and detainer actions—Determining in forcible entry and detainer action whether trial court erred when it approved and confirmed a magistrate's decision that was devoid of factual findings.*

(No. 99-2117—Submitted September 27, 2000—Decided December 27, 2000.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 75489.

_____

{¶ 1} Appellants, Dominic and Aniello Miele, are owners of a parcel of real estate located in the city of Cleveland. According to appellants' complaint, appellee, Robert Ribovich, occupied the premises pursuant to an unwritten, month-to-month tenancy.

{¶ 2} The Mieles alleged that on June 1, 1998, Ribovich failed to timely tender a rental payment and consequently breached the rental agreement. On September 14, 1998, Ribovich was served with a three-day notice to vacate the premises pursuant to R.C. 1923.04.[1] The Mieles further alleged that Ribovich remained on the premises, and on September 18, 1998, the Mieles initiated a forcible entry and detainer action in the Housing Division of the Cleveland

_____

1. R.C. 1923.04(A) states that "a party desiring to commence an action under this chapter shall notify the adverse party to leave the premises, for the possession of which the action is about to be brought, three or more days before beginning the action, by certified mail, return receipt requested, or by handing a written copy of the notice to the defendant in person, or by leaving it at his usual place of abode or at the premises from which the defendant is sought to be evicted.

"Every notice given under this section by a landlord to recover residential premises shall contain the following language printed or written in a conspicuous manner: 'You are being asked to leave the premises. If you do not leave, an eviction action may be initiated against you. If you are in doubt regarding your legal rights and obligations as a tenant, it is recommended that you seek legal assistance.' "

Municipal Court. The Mieles requested an immediate writ of restitution for the premises. The matter was referred to a magistrate in accordance with Civ.R. 53.

{¶ 3} On October 9, 1998, both parties and their counsel appeared at a hearing before a housing division magistrate. The magistrate rendered a decision in favor of the Mieles and recommended issuance of a writ of restitution. The magistrate's decision consisted of two sentences on a preprinted form: "JUDGMENT FOR PLAINTIFF. WRIT OF RESTITUTION TO ISSUE." Neither party objected to the magistrate's decision.

{¶ 4} The trial court approved and confirmed the magistrate's decision, and on October 22, 1998, the trial court's judgment in favor of the Mieles was journalized. The court's judgment was entered upon the same preprinted form that contained the magistrate's decision.

{¶ 5} Ribovich timely appealed, and on November 6, 1998, he was granted a conditional stay pending appeal provided that he post bond.

{¶ 6} On appeal, Ribovich raised two assignments of error. In his first assignment of error, which is germane to the issue currently before this court, Ribovich claimed that the trial court had committed prejudicial error when it adopted the magistrate's decision recommending issuance of a writ of restitution, because the decision lacked any factual recitation to support the recommendation.

{¶ 7} On October 15, 1999, the court of appeals reversed the trial court's judgment, based on its determination that the trial court "had no information before it upon which it could independently decide whether a writ of restitution should issue." The court of appeals maintained that it is not "too much to expect the magistrate to provide the court at least with sufficient information upon which the court may base its *independent analysis*." (Emphasis added.)

{¶ 8} The Mieles filed a motion for reconsideration contending that the court of appeals incorrectly failed to consider the 1995 amendments to Civ.R. 53. The court of appeals overruled the Mieles' motion for reconsideration and reiterated

that a magistrate's decision must contain "the findings necessary to justify the writ of restitution so that the court's judgment is an informed one," because the amendments did not do away with the requirement that a trial court conduct an independent review of the magistrate's decision.

————————————

*Climaco, Lefkowitz, Peca, Wilcox & Garofoli Co., L.P.A., Thomas J. Tarantino* and *Michael P. Maloney*, for appellants.

*Uche Mgbaraho*, for appellee.

*Vorys, Sater, Seymour & Pease, L.L.P., Gerald P. Ferguson* and *John J. Todor*; and *Thomas J. Bamburowski*, urging reversal for *amicus curiae*, Ohio Association of Magistrates.

————————————

**ALICE ROBIE RESNICK, J.**

{¶ 9} The question presented for our determination involves the applicability of Civ.R. 53(E) to procedure in forcible entry and detainer actions, and whether, in such an action, the trial court errs when it approves and confirms a magistrate's decision that is devoid of factual findings.

{¶ 10} "Forcible entry and detainer, as authorized in R.C. Chapter 1923, is a summary proceeding in which 'any judge of a county court' may make inquiry into disputes between landlords and tenants, and, where appropriate, order restitution of the premises to the landlord."[2] *Cuyahoga Metro. Hous. Auth. v. Jackson* (1981), 67 Ohio St.2d 129, 130, 21 O.O.3d 81, 82, 423 N.E.2d 177, 178.

————————————

2. "As provided in this chapter, any judge of a county or municipal court or a court of common pleas, within the judge's proper area of jurisdiction, may inquire about persons who make unlawful and forcible entry into lands or tenements and detain them, and about persons who make a lawful and peaceable entry into lands or tenements and hold them unlawfully and by force. If, upon such inquiry, it is found that an unlawful and forcible entry has been made and the lands or tenements are detained, or that, after a lawful entry, lands or tenements are held unlawfully and by force, a judge shall cause the plaintiff in an action under this chapter to have restitution of the lands or tenements." R.C. 1923.01(A).

A forcible entry and detainer action is intended to serve as an expedited mechanism by which an aggrieved landlord may recover possession of real property. *Id.* at 131, 21 O.O.3d at 83, 423 N.E.2d at 179; see, also, *Haas v. Gerski* (1963), 175 Ohio St. 327, 330, 25 O.O.2d 212, 214, 194 N.E.2d 765, 767. Thus, "[g]iven its summary nature, the drafters of the Rules of Civil Procedure were careful to avoid encrusting this special remedy with time consuming procedure tending to destroy its efficacy." *Jackson*, 67 Ohio St.2d at 131, 21 O.O.3d at 83, 423 N.E.2d at 179.

{¶ 11} The Ohio Rules of Civil Procedure "prescribe the procedure to be followed in all courts of this state in the exercise of civil jurisdiction." Civ.R. 1(A). The rules are generally applicable to all civil proceedings in Ohio; however, there are exceptions. See Civ.R. 1(C); see, also, *Jackson*, 67 Ohio St.2d at 130, 21 O.O.3d at 82, 423 N.E.2d at 178. One such exception provides that the rules, "to the extent that they would by their nature be clearly inapplicable, shall not apply to procedure" in forcible entry and detainer actions. Civ.R. 1(C)(3). Thus, it is incumbent upon us to determine whether amended Civ.R. 53(E) is applicable to procedure in forcible entry and detainer actions.

{¶ 12} Former Civ.R. 53(E) required a referee to "prepare a report upon the matters submitted by the order of reference." Former Civ.R. 53(E)(1), 67 Ohio St.3d at CXXXIV. Additionally, the referee's findings of fact had to be sufficient to enable the court "to make an independent analysis of the issues and to apply appropriate rules of law in reaching a judgment order." Former Civ.R. 53(E)(5), *id*. at CXXXV.

{¶ 13} In *Jackson*, this court held that former Civ.R. 53(E) by its very nature was "clearly inapplicable to proceedings in forcible entry and detainer, on the authority of Civ.R. 1(C)." *Id.*, 67 Ohio St.2d 129, 21 O.O.3d 81, 423 N.E.2d 177, syllabus. The court aptly recognized that the rule's requirements would hinder the expeditious resolution of forcible entry and detainer actions, thereby defeating the

underlying purpose behind these special proceedings. *Id.* at 131-132, 21 O.O.3d at 83, 423 N.E.2d at 179.

{¶ 14} In 1989, this court applied similar reasoning and held that Civ.R. 52's requirement that a trial court enter findings of fact and conclusions of law as part of the record when a request is made by one of the parties is "inapplicable to forcible entry and detainer proceedings on the authority of Civ.R. 1(C)." *State ex rel. GMS Mgt. Co., Inc. v. Callahan* (1989), 45 Ohio St.3d 51, 543 N.E.2d 483, paragraph one of syllabus; see, also, Civ.R. 52.[3] The court reasoned that "[i]n light of the summary nature of forcible entry and detainer proceedings pursuant to R.C. Chapter 1923, there should, as a general rule, be no necessity for trial judges to delay their judgments while developing findings of fact and conclusions of law pursuant to Civ.R. 52." *Callahan* at 55, 543 N.E.2d at 487. The court further held that in forcible entry and detainer proceedings, the trial judge may "prepare findings of fact and conclusions of law *sua sponte* within a reasonable time after a hearing on the merits." *Id*. at paragraph two of syllabus. In forcible entry and detainer proceedings, a reasonable time would be seven working days after a hearing on the merits. *Id.*

{¶ 15} The following year this court held that the "automatic stay provision of Civ.R. 53(E)(7) is inapplicable to forcible entry and detainer actions." *Colonial Am. Dev. Co. v. Griffith* (1990), 48 Ohio St.3d 72, 549 N.E.2d 513, syllabus. The

---

3. In 1988, when the action underlying our decision in *Callahan* was filed, former Civ.R. 52 provided:

"When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing or orally in open court requests otherwise before the journal entry of a final order, judgment, or decree has been approved by the court in writing and filed with the clerk of the court for journalization, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law.

"When a request for findings of fact and conclusions of law is made, the court, in its discretion, may require any or all of the parties to submit proposed findings of fact and conclusions of law; however, only those findings of fact and conclusions of law made by the court shall form part of the record." 29 Ohio St.2d at lxviii.

version of the rule at issue in *Griffith* provided for an automatic stay of the execution of a judgment until the court dealt with objections to a referee's report. See *id.* at 73, 549 N.E.2d at 515, fn. 1. The current version of the rule contains a similar automatic stay provision. See Civ.R. 53(E)(4)(c).

{¶ 16} In 1995, former Civ.R. 53 was extensively amended.[4] See 73 Ohio St.3d at LXXVIII. Of significance to our determination of the issue presented in the case at bar are the 1995 amendments affecting Civ.R. 53(E). Since our previous decisions involving the interplay between Civ.R. 1(C) and Civ.R. 53(E) predate the 1995 amendments, this is our first opportunity to address the role of amended Civ.R. 53(E) in forcible entry and detainer proceedings.

{¶ 17} "New division (E) entirely replaces the prior language which required preparation of reports by referees." Staff Notes, 1995 Amendments. Therefore, "[u]nless specifically required by the order of reference, a magistrate is not required to prepare any report other than the magistrate's decision." Civ.R. 53(E). The 1995 amendments disposed of the report-writing requirement, because it "substantially slowed the decision of cases without adding anything of value to the decision-making process." Staff Notes, 1995 Amendments.

{¶ 18} Additionally, amended Civ.R. 53 allows the trial court to "adopt the magistrate's decision if no written objections are filed unless it determines that there is an error of law or other defect on the face of the magistrate's decision." Civ.R. 53(E)(4)(a). Consequently, in the absence of written objections or an erroneous or patently defective magistrate's decision, a judge is no longer required "to make an independent analysis of the issues," as required under the former version of the rule. Former Civ.R. 53(E)(5), 67 Ohio St.3d at CXXXV; see, also, Staff Notes, 1995 Amendments.

---

4. One obvious modification involves the judicial officer's title; in the current version of the rule, "magistrate" replaces "referee." See Civ.R. 53(A).

**{¶ 19}** As a result of the 1995 amendments, the sections of Civ.R. 53(E) at issue here no longer contain the time-consuming procedural requirements that once precluded their application in forcible entry and detainer proceedings. For instance, the current provisions authorizing a magistrate to prepare a decision without factual findings and enabling the trial court to adopt the magistrate's decision without conducting an independent analysis are wholly consistent with the summary nature of forcible entry and detainer proceedings. See Civ.R. 53(E)(1) and (E)(4)(a). Thus, to the extent that Civ.R. 53(E) is neither inconsistent with the summary nature of forcible entry and detainer proceedings nor contrary to this court's previous decisions construing sections of the rule not addressed in this decision, Civ.R. 53(E) is applicable to procedure in these special proceedings.[5]

**{¶ 20}** Having determined that the relevant portions of Civ.R. 53(E) are applicable to procedure in forcible entry and detainer proceedings, we must now examine the propriety of the court of appeals' decision in the case at bar. The court of appeals reversed the trial court's judgment because the magistrate did not prepare a report to inform the judge of facts that would justify the magistrate's recommendation and allow the court to make an independent determination. The court of appeals stated that "notwithstanding the 1995 amendments to Civil Rule 53, the magistrate's decision was legally insufficient for the court to approve."

**{¶ 21}** The court of appeals' decision is contrary to the plain language of Civ.R. 53(E). Moreover, the decision frustrates the anticipated purpose behind forcible entry and detainer proceedings by creating the potential for delay in what is intended to be a summary proceeding. Trial courts' dockets are filled with a high

---

5. Today's decision is not intended to affect our previous holdings in *Colonial Am. Dev. Co. v. Griffith* (1990), 48 Ohio St.3d 72, 549 N.E.2d 513, and *State ex rel. GMS Mgt. Co., Inc. v. Callahan* (1989), 45 Ohio St.3d 51, 543 N.E.2d 483.

While both of these cases were decided prior to 1995, their syllabus law remains relevant to certain provisions embodied in the amended version of Civ.R. 53(E). As the matter currently before us does not raise issues similar to the ones addressed in these cases, a determination of these issues is beyond the scope of this opinion.

volume of forcible entry and detainer actions. Requiring magistrates to prepare findings of fact in each case and courts to make an independent analysis based on these factual findings would hinder the timely resolution of these matters.

{¶ 22} The exception embodied in Civ.R. 1(C) recognizes that, based on the nature of interests involved, forcible entry and detainer proceedings merit special consideration. Former Civ.R. 53(E) was deemed inapplicable to procedure in forcible entry and detainer proceedings because the rule's requirements impeded the summary disposition of forcible entry and detainer cases. The 1995 amendments address the need for efficiency in these types of actions and provide trial courts with a framework that enables them to render expedited judgments in cases where neither party files objections to the magistrate's decision.

{¶ 23} Thus, while the record in the case at bar is far from illuminating, we cannot say that the trial court erred when it adopted the magistrate's decision. Moreover, a reading of the court of appeals' opinion leads us to the conclusion that the court mistakenly applied the pre-1995 version of the rule to the facts of this case. Consequently, we reverse the judgment of the court of appeals.

*Judgment reversed.*

MOYER, C.J., DOUGLAS, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____