ACCELERATED DOCKET JOURNAL ENTRY and OPINION
This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the lower court, the briefs and the oral arguments of counsel.
This is an action in forcible entry and detainer. In the complaint filed in the municipal court on March 6, 2000, plaintiff-appellee demanded both possession of the leased premises and damages for repair and maintenance costs, rent, and other expenses. Defendant-appellant answered and counterclaimed for breach of the covenant of quiet enjoyment, harassment, injunctive relief, and abuse of process.
Appellant moved the municipal court to certify the case to the common pleas court, arguing that both parties sought judgments in excess of the municipal court's jurisdictional limits. In turn, appellee moved the municipal court to dismiss the counterclaims.
A magistrate denied the appellant's motion to certify and the appellee's motion to dismiss on April 7, 2000. Defendant-appellant demanded findings of fact and conclusions of law pursuant to Civ.R. 53(E) and moved the court to set aside the magistrate's decision under Civ.R. 53(C)(3)(b). The magistrate denied the motion for findings and conclusions and set the case for trial on May 9, 2000.
On May 5, 2000, appellant filed an application with this court for an alternative writ of prohibition, asking this court to prohibit the municipal court from proceeding with the jury trial because it had lost jurisdiction. This court denied the writ on May 8, 2000 and, on the same day, appellant filed a notice of appeal from the April 7, 2000 order denying her motion to certify. On May 9, 2000, this court dismissed the appeal.
The trial proceeded in the municipal court solely with respect to appellee's forcible entry and detainer claim for possession of the rental property. Neither appellant nor her counsel appeared or participated. On May 18, 2000, the magistrate issued an order granting judgment for possession to appellee. This appeal was taken from this order.
We find we lack jurisdiction over this appeal. The municipal court has not adopted or rejected the magistrate's decision, so the decision has not been made effective. See Civ.R. 53(E)(4)(a); cf. Miele v. Ribovich (2000), 90 Ohio St.3d 439. Accordingly, the decision is not a final order appealable to this court and we must dismiss this matter.
Appellant urges that we find jurisdiction over this matter because a writ of restitution issued based on the magistrate's decision, affecting appellant's substantial rights. Our jurisdiction is not determined by the actual events that may follow a ruling but by the finality of the ruling itself. Appellant did not appeal from the issuance of the writ[1] but from the magistrate's decision. As noted above, this decision will not be final and appealable unless and until it is adopted by the court. We need not decide that issue here, however, because appellant did not appeal from the writ but from the magistrate's decision.
This cause is dismissed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Berea Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, J. and ANN DYKE, J. CONCUR
[1] An appeal from the issuance of a writ of restitution would, in itself, present a question of whether a writ is an appealable order (as opposed to an order directing the issuance of a writ).