This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Keystone Board of Education has appealed a judgment of the Elyria Municipal Court that adopted the decision of a magistrate regarding a motor vehicle accident. This Court vacates the trial court's decision and remands for proceedings consistent with this decision.
 I.
On January 6, 1999, Appellee Debora Lowery's daughter was driving Appellee's car southbound on Middle Avenue in Elyria, Ohio. Road conditions were poor, as the pavement was slippery and snow-covered. A full-size school bus, owned and operated by Appellant Keystone Board of Education, was negotiating a slow, backing maneuver across Middle Avenue and into a private driveway in order to turn around. Due to the road conditions, Appellee's daughter could not stop her mother's car and collided with the bus.
Several weeks later, Appellee filed a small claims complaint in the Elyria Municipal Court, naming Appellant as a defendant. The complaint alleged that the bus driver, as an employee of Appellant, operated the vehicle negligently, thereby causing damage to Appellee's automobile.
The matter was referred to a magistrate who, after a hearing, issued a recommendation for judgment in favor of Appellee in the amount of $1,708.18. The decision included findings of fact and conclusions of law. Thereafter, Appellant filed objections to the magistrate's decision, pursuant to Civ.R. 53(E)(3)(b). The trial court overruled these objections and adopted the magistrate's report, stating that "[w]here there is substantial, credible evidence to support the Magistrate's finding of fact a reviewing Court should not reverse." The trial court then entered judgment in favor of Appellee in the amount of $1,708.18 plus interest and costs. Appellant timely appealed, asserting four assignments of error. To facilitate the analysis, this Court will rearrange Appellant's assignments of error.
 II.
Second Assignment of Error
The trial court erred when it failed to recognize that it had the optionto conduct an independent review of the evidence.
Appellant has challenged the trial court's entry of judgment in favor of Appellee, claiming that the court applied the wrong type of review of the record when rendering its final decision. Specifically, Appellant has claimed that a trial court must conduct an independent review of the record when considering a party's objections under Civ.R. 53(E)(4)(b). Appellant has further suggested that, in the alternative, the trial court employed the wrong type of review when adopting the magistrate's decision. This Court agrees on both points.
During 1993, the Ohio Supreme Court in Hartt v. Munobe (1993),67 Ohio St.3d 3, 6, interpreted Civ.R. 53(E)(5) and held:
 Civ.R. 53 places upon the court the ultimate authority and responsibility over the [magistrate's] findings and rulings. The court must undertake an independent review of the [magistrate's] report to determine any errors. Civ.R. 53(E)(5) allows a party to object to a [magistrate's] report, but the filing of a particular objection is not a prerequisite to a trial or appellate court's finding of error in the report. The findings of fact, conclusions of law, and other rulings of a [magistrate] before and during trial are all subject to the independent review of the trial judge. Thus, a [magistrate's] oversight of an issue or issues, even an entire trial, is not a substitute for the judicial functions but only an aid to them. A trial judge who fails to undertake a thorough independent review of the [magistrate's] report violates the letter and spirit of Civ.R. 53, and we caution against the practice of adopting [magistrate's] reports as a matter of course, especially where a [magistrate] has presided over an entire trial.
(Emphasis sic.) (Citations omitted.)
During 1995, the Ohio Supreme Court amended Civ.R. 53(E), making several substantive changes. Relevant in this case, subsection (5) of Civ.R. 53(E) was removed and subsection (4) modified. That subsection now sets forth the trial court's procedure with respect to a magistrate's decision. Specifically, Civ.R. 53(E)(4) currently provides:
 (a) When effective. The magistrate's decision shall be effective when adopted by the court. The court may adopt the magistrate's decision if no written objections are filed unless it determines that there is an error of law or other defect on the face of the magistrate's decision.
 (b) Disposition of objections. The court shall rule upon objections. The court may adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter. The court may refuse to consider additional evidence proffered upon objections unless the objecting party demonstrates that with reasonable diligence the party could not have produced that evidence for the magistrate's consideration.
 (Emphasis added.) The staff note for the 1995 amendment to Civ.R. 53(E) states, in pertinent part, "a magistrate's decision to which no objections is made may be adopted unless there is apparent error; the judge is no longer required to conduct an independent review and make a determination himself or herself."
Since 1995, several of Ohio's twelve judicial districts, including the Ninth Judicial District, have addressed the changes in the procedure for a trial court's review of a magistrate's decision. Two separate positions on the amendments have been staked out. Adhering in part to the old rule, one block has stated that, when faced with objections,[1] a trial court must always conduct an independent review. The other group has held that a mandatory review of the record is not required under such circumstances.
The "mandatory independent review" block has observed that, pursuant to amended Civ.R. 53(E)(4)(b), when objections are filed to a magistrate's
decision, the trial court must independently review the decision. "There is nothing in the amended rule that alters the court's responsibility to conduct an independent review when objections are filed. Therefore, when objections are filed, the standard under the former and present rule is identical: the trial court must conduct an independent review." Pacificv. Interstate Ford, Inc. (May 17, 1996), Montgomery App. No. 15427, unreported, 1996 Ohio App. LEXIS 1940, at *5-6. Indeed, this block of courts has concluded that this independent review requires a trial court to conduct a de novo examination of the record. See, e.g., Rhoads v.Arthur (June 30, 1999), Delaware App. No. 98CAF10050, unreported, 1999 Ohio App. LEXIS 3280, at *6 (Fifth District); Holland v. Holland (Jan. 29, 1998), Franklin App. No. 97APF08-974, unreported, 1998 Ohio App. LEXIS 244, at *3-4 (Tenth District); In re Gibbs (Mar. 13, 1998), Lake App. No. 97-L-067, unreported, 1998 Ohio App. LEXIS 997, at *11 (Eleventh District); Cox v. Cox (Feb. 16, 1999), Fayette App. No. CA98-05-007, unreported, 1999 Ohio App. LEXIS 480, at *9 (Twelfth District). This independent, de novo review requires the following:
 As the ultimate finder of fact, [the trial court] must make its own factual determinations through an independent analysis of the issues and should not adopt the findings of the [magistrate] unless the trial court fully agrees with them. * * * The [trial] court's role is to determine whether the [magistrate] has properly determined the factual issues and appropriately applied the law, and, where the [magistrate] has failed to do so, the trial court must substitute its judgment for that of the [magistrate].
 Pacific, supra, at *6, quoting Inman v. Inman (1995), 101 Ohio App.3d 115, 118. This necessarily excludes, among others, an abuse of discretion review by the trial court. In re Thomas (Apr. 7, 2000), Montgomery App. No. 18029, unreported, 2000 Ohio App. LEXIS 1564, at *8.
On the other hand, since the amendment of Civ.R. 53 during 1995, this Court has consistently held that, even in the face of objections, a trial court is not required to conduct an independent review of the facts and make its own factual determination when adopting a magistrate's decision. Weber v. Weber (June 30, 1999), Medina App. No. 2846-M, unreported, at 5, citing Rogers v. Rogers (Dec. 17, 1997), Summit App. No. 18280, unreported at 7. See, also, Gergacz v. Gargacz (Apr. 21, 2000), Hamilton App. Nos. C-9900502, C-990526, unreported, 2000 Ohio App. LEXIS 1750, at *10 (First District); Schwartz v. Osiatynski (Dec. 18, 1997), Cuyahoga App. No. 71968, unreported, 1997 Ohio App. LEXIS 5701, at *3 (Eighth District). A magistrate is an arm of the trial court; it serves as a tool, enabling the judicial system to function more efficiently and effectively. To require a trial court to independently review the entire record each time objections are filed defeats the point.
Civ.R. 54(E)(4)(b) contains a list of several options available to the trial court, all of which are preceded with the verb "may." Such language strikes a discretionary tone, not a mandatory one which would require a trial court to review the entire record. In short, a trial court is only required to read and evaluate the arguments raised, rule upon the same, and then exercise its discretionary power to adopt, reject or modify the decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter anew. This is the rule set forth in Rogers, supra, and it remains the law in this jurisdiction.
In the instant case, the trial court, upon consideration of the submitted objections, conducted a "substantial, credible evidence" review of the entire record. As a direct result of that review, it adopted the magistrate's decision. In other words, based upon the judgment entry's language, the trial court sat as a reviewing court and believed that it was forced to adopt the magistrate's decision because the record contained "substantial, credible evidence" to support that decision. Instead, the trial court should have reviewed the objections, and after appropriately disposing of them, in its discretion, simply done one of the following: adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter anew. After overruling the objections, the trial court was free to take any course of action, including reviewing the entire record if it believed that such an undertaking was the only way he could satisfy his concerns. On the other hand, the rule leaves the trial court also free to adopt the magistrate's decision without any further analysis. In sum, the trial court erred by believing that the state of the record left him with no choice but to adopt the decision of the magistrate when the rule places many alternatives at a trial court's disposal. Appellant's arguments to this end are well taken.
 III.
Appellant's second assignment of error is sustained. This Court declines to address the balance of Appellant's arguments. See App.R. 12(A)(1)(c). The judgment of the trial court is vacated, and the cause remanded for further proceedings consistent with this decision.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Elyria Municipal Court, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
______________________________________ WILLIAM R. BAIRD
BAIRD, P.J., SLABY, J. CONCURS.
[1] As an aside, Civ.R. 53(E)(4)(a) states that the trial "court may adopt the magistrate's decision if no written objections are filed unless it determines that there is an error of law or other defect on the face of the magistrate's decision." The Ohio Supreme Court has held that, "in the absence of written objections or an erroneous or patently defective magistrate's decision, a judge is no longer required `to make an independent analysis of the issues,' as required under the former version of the rule." Miele v. Ribovich (2000), 90 Ohio St.3d 439, 443.