JOURNAL ENTRY and OPINION
This case is before the court on appeal from a decision granting partial summary judgment in favor of plaintiffs, Judith and James Bontempo, and against defendants, Lawrence and Elizabeth Miles, on (1) the Bontempos' petition to quiet title, (2) their claim to partition real property, (3) their claim of ejectment, and (4) the Mileses' counterclaims.[1] The Mileses raise nine assignments of error, which are set forth in the attached appendix. For the following reasons, we affirm.
 PROCEDURAL HISTORY
The complaint in this case was filed on May 27, 1999 and was amended twice in the course of the proceedings below. The second amended complaint was filed as of July 25, 2000 and alleged that plaintiffs, Judith and James Bontempo, were the owners of an undivided interest in real property by virtue of a survivorship deed recorded on November 7, 1997. The Bontempos claimed that this property comprised two permanent parcels, nos. 003-35-039 and 003-35-098, but that appellants, Lawrence and Elizabeth Miles, attempted to "correct" the deed to reflect a transfer of only one of those parcels. The first count of the complaint sought to quiet the Bontempos' title in both parcels, and the second demanded partition. The third count alleged that the Mileses slandered the Bontempos' title. Count four asserted that the Mileses constructed a fence which kept the Bontempos from their property. Finally, the Bontempos claimed the Mileses fraudulently failed to disclose the existence of an unrecorded land contract by which they sold the property to one of their sons some seventeen months before the transfer to the Bontempos. The Cuyahoga County Treasurer and the mortgage lender, Keybank National Association, were included as parties defendant to this action.
The Mileses' answer denied each of the Bontempos' claims. They also counterclaimed, apparently alleging that the Bontempos defrauded the Mileses and induced the Mileses to transfer a property interest to them by promising to provide support and care to the Mileses, who are the parents of plaintiff Judith Bontempo. The Mileses also sought to void the transfer as fraudulent.[2]
Keybank answered and "crossclaimed" against the Mileses and the Bontempos for a determination that it had a valid lien on both parcels.
Trial was conducted before Magistrate Stephen M. Bucha III in November and December 2000. The magistrate issued his decision on January 16, 2001. He found the facts as follows:
The Mileses purchased the subject property in April 1986. At that time, it was a single permanent parcel, no. 003-35-039. Shortly after the Mileses acquired the property, it was split into two permanent parcels, nos. 003-35-039 and 003-35-098.
On June 30, 1996, the Mileses entered into a land contract by which they agreed to sell permanent parcel no. 003-35-039 to their son, Alvin Miles. This contract was not recorded and was later canceled.
The magistrate found that on November 5, 1997, the Mileses transferred to the Bontempos an undivided one-half interest in both parcels as an unconditional gift. There was a mortgage of $71,000 on the property at this time. The mortgage was refinanced on June 1, 1998, and a new mortgage in the amount of $100,075 was executed by both the Mileses and the Bontempos, although the promissory note was executed by the Mileses alone.
The magistrate found that the Mileses made all of the mortgage payments of $936.27 per month. The Mileses also collected all of the rentals, totaling $1000 per month. The Bontempos paid some $600 per month for the expenses of the property, and expended some $6,707.63 on improvements. They owe the Mileses some $400 on a loan the Mileses made to them.
On March 23, 1999, the Mileses filed an affidavit indicating that the prior deed was intended to convey only permanent parcel no. 003-35-098, and not no. 003-35-039. They also refiled the deed, crossing out the legal description of permanent parcel no. 003-35-039 and noting that "This deed is being re-filed to correctly reflect the transfer of P.N. 003-25-098 [sic] only."
In May 1999, a restraining order was entered against Mr. Miles following an argument between him and his daughter, Judith Bontempo. As a result of this order, the Mileses denied the Bontempos permission to park behind the Mileses' home (adjacent to the subject property) because their parking there had led to repeated violations of the order.
During the summer of 1999, the Mileses built a fence between parcel nos. 003-35-098 and 003-35-039. The gate providing ingress and egress between the two parcels was padlocked.
The magistrate concluded that the Mileses intended to convey a one-half interest in both parcels to the Bontempos, as a gift and not on the condition that the Bontempos provide services to the Mileses.
The magistrate found that the Bontempos had the right to have the property partitioned and to obtain reimbursement for half of the funds they expended to enhance or maintain the value of the property. The magistrate also concluded that the Mileses could set off one-half of their mortgage payments as well as the $400 owed to them by the Bontempos. He found the Mileses could have set off other costs, including the cost of demolishing derelict buildings on one of the parcels and the cost of mortgage payments before the refinancing, but that they did not introduce evidence of those costs. They also did not include evidence of the diminution in the value of the property as a result of the Bontempos removal of a sidewalk. The magistrate found the net set off in the Bontempos' favor was $646.04. He indicated that a hearing would be scheduled after the partition of the property to determine the attorney's fees to be taxed as costs.
The magistrate determined that the construction of the fence and the locking of the gate denied the Bontempos access to their property. He ordered that the gate between the properties be unlocked, and further allowed the new owner of the property sixty days following the partition of the property to elect whether to require the Mileses to remove the fence entirely. However, he denied the Bontempos' claim for fraud, finding they did not rely upon any misrepresentation by the Mileses.
Finally, the magistrate determined that the Mileses did not introduce any testimony to support their counterclaims.
The Mileses objected to the magistrate's report. The court found these objections were not well taken and accordingly overruled them and adopted the magistrate's decision. Pursuant to Civ.R. 54(B), the court found no just reason for delay of the appeal of these matters.
 LAW AND ANALYSIS
One preliminary matter requires our attention before we begin to review the assignments of error. The executor of the estate of appellant Elizabeth Miles has filed a notice indicating that Mrs. Miles passed away on May 8, 2001, after the notice of appeal was filed. Her executor has moved to have the estate substituted as a party in this proceeding.
Appellate Rule 29(A) provides that the personal "the Personal representative of [a] deceased party may be substituted as a party on motion filed by the representative, or by any party, with the clerk of the court of appeals." Accordingly, the executor's motion is granted. Lawrence Miles, as executor of the Estate of Elizabeth Miles, is substituted as a party in place of Elizabeth Miles.
The first assignment of error contends that the court erred by failing to provide assistance to appellant Lawrence Miles, who is allegedly hearing impaired, during the trial before the magistrate. The Mileses have not pointed out any evidence in the record that Mr. Miles requested the use of a video screen, nor is there any evidence that the court denied the request. Therefore, we find the Mileses have failed to exemplify the claimed error in the record. See, e.g., Tyrell v.Investment Assoc., Inc. (1984), 16 Ohio App.3d 47, 50. Furthermore, Mr. Miles does not explain how he was prejudiced by the failure to provide him with a video screen. Therefore, we overrule the first assignment of error.
The remaining assignments of error all challenge the court's rulings on the Mileses' objections to the magistrate's decision. The Mileses did not provide the trial court with a transcript of the proceedings before the magistrate or an affidavit of the evidence to support their claims that the magistrate's findings were incorrect. Under Civ.R. 53(E)(3)(b), "[a]ny objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available."
 When a party objecting to a referee's report has failed to provide the trial court with the evidence and documents by which the court could make a finding independent of the report, appellate review of the court's findings is limited to whether the trial court abused its discretion in adopting the referee's report, * * *. In other words, an appeal under these circumstances can be reviewed by the appellate court to determine whether the trial court's application of the law to its factual findings constituted an abuse of discretion.
State ex rel. Duncan v. Chippewa Twp. Trustees (1995), 73 Ohio St.3d 728,730. We find no abuse of discretion here.
In the second assignment of error, the Mileses argue the court should have concluded that "[the Mileses] entrusted their hard-earned real property investments with [the Bontempos] with the understanding that [the Mileses] would transfer said undivided one-half interest in PPN 003-35-098 * * * to [the Bontempos] on the death of both of [the Mileses]." This argument is illogical. One cannot transfer an interest in property with the understanding that he or she will transfer the same interest in the future. Therefore, the second assignment of error is overruled.
The third assignment of error claims the trial court erred by failing to conduct a de novo hearing on the merits. Civ.R. 53(E) no longer requires the court to conduct an independent review before adopting a magistrate's decision. Miele v. Ribovich (2000), 90 Ohio St.3d 439, 443;In re Putka (Mar. 1, 2001), Cuyahoga App. No. 77986, unreported, at 5. Rather, the rule now requires that the court shall rule on anyobjections, and "may adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter." Civ.R. 53(E)(4)(b). As noted above, the court could not independently review the evidence submitted to the magistrate because it was not provided with a transcript of the proceedings. Therefore, we overrule the third assignment of error.
The facts as found by the magistrate support his conclusion that the Mileses intended to make a current gift of the property to the Bontempos. First, the magistrate found the Mileses executed a deed transferring the property to the Bontempos. Furthermore, the magistrate found that Mr. Miles indicated the transfer to the Bontempos was exempt from a real property conveyance fee because it evidenced a gift between parent and child. The magistrate also found the Mileses treated the Bontempos as current co-owners, obtaining their signatures on a mortgage and their consent to the demolition of derelict houses on one of the properties. These facts support the magistrate's conclusion that the Mileses intended to make an immediate gift of the property to the Bontempos. Therefore, we overrule the fourth assignment of error.
The fifth assignment of error urges that the court should have set aside the transfer of the property to the Bontempos because the Bontempos exerted undue influence to obtain it. Sixth, the Mileses apparently alternatively claim the court should have found the Bontempos held the property in a constructive trust for the benefit of the Mileses. It is not clear that these claims were asserted in the Mileses' answer and counterclaim. If these issues were not raised in the pleadings, the court had no obligation to address them. Assuming that these issues were raised by the pleadings, the trial court found the Mileses did not meet their burden of proof on their counterclaims. The Mileses' failure to provide the court with a transcript of the proceedings precluded any review of this determination. Therefore, we overrule the fifth and sixth assignments of error.
The seventh assignment of error claims the court should have "disregarded" the transfer from the Mileses to the Bontempos because there was no consideration for the transfer. However, the court found the transfer was a gift, not a sale. Therefore, the validity of the transfer is not affected by lack of consideration.
Eighth, the Mileses argue the court erred by failing to find the property was transferred in consideration of support and care by the Bontempos. However, the magistrate found that the Mileses allowed the Bontempos to occupy the property for one and one-half years even though they did not support or care for the Mileses. In addition, they treated the Bontempos as co-owners. These findings support the magistrate's determination that the transfer was a gift and not a transfer in consideration of future support and care.
Finally, the Mileses claim the court should have found the Bontempos were unjustly enriched. Again, though, there was evidence to support the magistrate's conclusion that the transfer was a gift. The Mileses' counterclaims did not include an unjust enrichment claim. Therefore, the ninth assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover of appellants their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, J. and FRANK D. CELEBREZZE, JR., J. CONCUR.
[1] The court also granted summary judgment for the Mileses on the Bontempos' fraud claim. The Mileses do not challenge this ruling.
[2] Early in these proceedings, the Miles' filed a third party complaint against Raymond Harris, a companion of Judith Bontempo. The court granted summary judgment to Harris. That judgment is not at issue in this appeal.
 APPENDIX FIRST ASSIGNMENT OF ERROR THE TRIAL COURT ERRED AT THE START OF THE TRIAL BY REFUSING TO COMPLY WITH THE REQUEST OF MAGISTRATE STEPHEN BUCHA MADE TO THE CHIEF REPORTER'S OFFICE TO USE THE HEARING IMPAIRED VIDEO SCREEN DEVICES NEEDED TO HELP THE HEARING IMPAIRED LAWRENCE MILES SEE THE QUESTIONS ON THE SCREEN TO BE ABLE TO UNDERSTAND AND RESPOND TO THE QUESTIONS. THIS SCREEN WAS ALSO TO BE USED FOR LAWRENCE MILES TO SEE THE QUESTIONS AND ANSWERS OF THE BONTEMPOS AND OTHER WITNESSES. THIS REQUEST WAS DENIED.
 SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN NOT FINDING THAT THE APPELLANT ESTABLISHED THE ELEMENTS OF AN EXPRESS ORAL TRUST WHICH THE APPELLANTS PRESENTED IN THEIR OBJECTIONS TIMELY FILED BUT IGNORED BY THE TRIAL COURT.
 THIRD ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN FAILING TO REVIEW MAGISTRATE STEPHEN BUCHA'S DECISION BY ORDERING A DE NOVO HEARING ON THE MERITS OF THE CASE.
 FOURTH ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN HOLDING AND FINDING THAT THE APPELLEES MET THEIR BURDEN OF PROOF OF AN INTER-VIVOS GIFT BY CLEAR AND CONVINCING EVIDENCE AGAINST THE APPELLANTS.
 A. THE APPELLANTS MILES NEVER INTENDED TO MAKE A GIFT OF REAL PROPERTY IMMEDIATELY.
 B. THE APPELLANTS DID NOT RELINQUISH ANY NOR ALL CONTROL OVER DOMINION OF THE UNDIVIDED ONE-HALF INTEREST OF REAL PROPERTY CONVEYED TO THE BONTEMPOS ON NOVEMBER 5, 1997.
 FIFTH ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN FAILING TO FIND A RELATIONSHIP OF TRUST AND CONFIDENCE EXISTED FOR A FIDUCIARY RELATIONSHIP BETWEEN THE APPELLANTS MILES (PARENTS) AND THE APPELLEES BONTEMPOS (DAUGHTER) AND IGNORED THE FACTS OF THE TRANSFER OF THE UNDIVIDED ONE-HALF INTEREST WITHOUT SUSPICION.
 A. THE APPELLANTS WERE SUSPECTIBLE [SIC] PARTIES TO INFLUENCE.
 B. THE APPELLEES HAD THE OPPORTUNITY TO EXERT INFLUENCE ON THE APPELLANTS.
 C. THE APPELLEES ACTUALLY EXERTED INFLUENCE ON THE APPELLANTS SUCCESSFULLY.
 SIXTH ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN FAILING TO CONSIDER THAT A CONSTRUCTIVE TRUST WAS CREATED CONTRARY TO A FIDUCIARY RELATIONSHIP THAT EXISTED BETWEEN THE APPELLANTS AND THE APPELLEES IN THAT THE LOWER COURT WAS UNLIKELY TO FIND DAMAGES FOR THE APPELLANTS.
 SEVENTH ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN FAILING TO DISREGARD THE CONVEYANCE TRANSFER OF TITLE FROM THE APPELLANTS TO THE APPELLEES KNOWING THERE WAS NO CONSIDERATION FOR THE ACTUAL DEED TRANSFERRING SAID TITLE.
 EIGHTH ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN FAILING TO FIND FOR A CONVEYANCE IN CONSIDERATION OF SUPPORT, CARE AND MAINTENANCE WAS CONTEMPLATED BUT NEVER DID OCCUR; THEREFORE, THE CONVEYANCE BY DEED FOR THE UNDIVIDED ONE-HALF INTEREST SHOULD HAVE BEEN SET ASIDE AND THE APPELLEES ORDERED TO RETURN SAID UNDIVIDED ONE-HALF INTEREST TO THE APPELLANTS.
 NINTH ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN NOT FINDING THAT JUDITH BONTEMPO AND HER HUSBAND JAMES BONTEMPO WERE UNJUSTLY ENRICHED BY RECEIVING AN UNDIVIDED ONE-HALF INTEREST TO REAL ESTATE THAT THEY DID NOT DESERVE NOR PAY FOR. A GIFT WAS NOT INTENDED.