JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, State of Ohio, Cuyahoga Support Enforcement Agency ("CSEA"), appeals from the decision of the Cuyahoga County Court of Common Pleas, Juvenile Division, which vacated its prior judgment of contempt. For the following reasons, we reverse and remand.
 {¶ 2} A review of the record reveals the following: On October 23, 1997, plaintiff-appellant, Crystal Shelton ("Shelton"), gave birth to a child. On February 28, 2000, defendant-appellee, Deonne Dickerson ("Dickerson"), was determined to be the father of the child and ordered to pay $50 per month in child support.[1]
 {¶ 3} On August 9, 2001, CSEA, on behalf of Shelton, filed a contempt motion alleging that Dickerson had failed to comply with the child support order.
 {¶ 4} On July 1, 2004, Dickerson admitted to the allegations in the complaint and was found to be guilty of contempt for failure to pay child support as ordered in the administrative order. The magistrate recommended that Dickerson be sentenced to 30 days incarceration with the sentence suspended on the condition that Dickerson pay the arrears of $2,500 in full. On July 23, 2004, the trial judge signed the report and recommendation of the magistrate. The judge did not, however, indicate whether he fully adopted the Magistrate's Decision in its entirety, adopted it with revisions, or rejected. Specifically, the preprinted form sheet attached to the Magistrate's Decision was not checked in any box. On August 3, 2004, the Magistrate's Decision was filed and on August 5, 2004, it was journalized. No objections were filed.
 {¶ 5} On February 4, 2005, CSEA filed a motion to execute sentence, alleging that Dickerson had not complied with the conditions for the suspended sentence. After a hearing on the motion, the trial court filed a judgment entry in which it denied CSEA's motion to impose sentence finding that "the Magistrate failed to set forth definite and reasonable purge conditions in the Magistrate Decision, filed August 3, 2004."
 {¶ 6} It is from this decision that CSEA timely appeals and raises the following three assignments of error for our review:
 {¶ 7} "I. The trial court erred in failing to find that defendant/appellee waived any claim that he was denied a proper purge.
 {¶ 8} "II. The trial court abused its discretion in dismissing the motion to execute sentence with prejudice, effectively vacating its contempt order, sua sponte."
 {¶ 9} "III. The trial court abused its discretion in finding the purge provisions, already approved by the court, were not definite or reasonable, without any evidence before it suggesting the appellee could not comply."
 {¶ 10} We find that we lack jurisdiction over this appeal. Although the preprinted form sheet attached to the Magistrate's Decision was signed by the trial judge, it was not checked to indicate whether the Decision was expressly accepted, modified, or rejected. See Civ.R. 53(E)(4)(a); Colombo Enterprises, Inc.v. Fegan (Feb. 22, 2001), Cuyahoga App. No. 78041, citing Mielev. Ribovich (2000), 90 Ohio St.3d 439. Accordingly, the Decision is not a final appealable order. The matter is remanded to allow the trial court the opportunity to adopt, modify, or reject the Magistrate's Decision and proceed accordingly.
Judgment reversed and remanded.
It is ordered that appellant recover of appellee its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas, Juvenile Court Division to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, J., and Blackmon, J., concur.
[1] See administrative order dated March 2, 2000.