[Cite as *L.T. Harnett Trucking, Inc. v. Res. Environmental Servs., Inc.*, 2018-Ohio-4572.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| L.T. HARNETT TRUCKING, INC., | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2018-A-0028** |
| RESERVE ENVIRONMENTAL SERVICES, INC., | : | |
| | : | |
| Defendant-Appellant. | : | |
| | : | |

Civil Appeal from the Ashtabula County Court of Common Pleas, Case No. 2014 CV 0612.

Judgment: Affirmed.

*Pamela D. Kurt* and *James Michael Smolinski,* Kurt Law Office, LLC, 30432 Euclid Avenue, Suite 101, Wickliffe, OH 44092 (For Plaintiff-Appellee).

*Luke P. Gallagher,* Law Office of Luke P. Gallagher, LLC, 354 Main Street, Conneaut, OH 44030 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Reserve Environmental Services, Inc., appeals from the judgment of the Ashtabula County Court of Common Pleas, appointing a receiver to aid in the execution of a judgment appellee, L.T. Harnett Trucking, Inc., had previously obtained against appellant. We affirm.

{¶2} Appellee was awarded a civil judgment against appellant. On December 14, 2014, appellee obtained a judgment lien against appellant in the amount of $192,332.82. Appellee subsequently performed a garnishment through which appellee recovered $11,735.58 from appellant. On July 9, 2015, a debtor's exam hearing was held at which testimony was offered indicating, inter alia, appellant was in danger of insolvency and/or dissolution.

{¶3} On September 23, 2016, appellee filed a motion for an order appointing a receiver. On August 16, 2017, a hearing was held before the magistrate. After a hearing, the motion was granted on March 2, 2018. On March 5, 2018, the trial court issued an order appointing a receiver. At no point did appellant object to the magistrate's decision. Appellant timely appealed.

{¶4} Appellant's first assignment of error provides:

{¶5} "Appellant alleges that the trial court abused its discretion given the evidence before it that an appointment of receiver was allowed under O.R.C. Section 2735.01."

{¶6} Under this assigned error, appellant contends the evidence did not support the magistrate's decision or the trial court's judgment appointing a receiver because testimony failed to establish appellee was in danger of suffering irreparable harm but for the appointment. Appellant essentially challenges the weight of the evidence adduced at the hearing.

{¶7} R.C. 2735.01 governs the appointment of receivers. That statute provides, in relevant part:

{¶8} (A) A receiver may be appointed by the supreme court or a judge thereof, the court of appeals or a judge thereof in the judge's

2

district, the court of common pleas or a judge thereof in the judge's county, or the probate court, in causes pending in such courts respectively, in the following cases:

{¶9} * * *

{¶10} (5) After judgment, to dispose of the property according to the judgment, or to preserve it during the pendency of an appeal, or when an execution has been returned unsatisfied and the judgment debtor refuses to apply the property in satisfaction of the judgment;

{¶11} (6) When a corporation, limited liability company, partnership, limited partnership, or other entity has been dissolved, is insolvent, is in imminent danger of insolvency, or has forfeited its corporate, limited liability company, partnership, limited partnership, or other entity rights;

{¶12} (7) In all other cases in which receivers have been appointed by the usages of equity.

{¶13} The trial court is vested with sound discretion to appoint a receiver. *State ex rel. Celebrezze v. Gibbs*, 60 Ohio St.3d 69, 73 (1991). Although such an appointment is discretionary, "the appointment of a receiver is the exercise of an extraordinary, drastic, and sometimes harsh power which equity possesses, and is only to be exercised where the failure to do so would place the petitioning party in danger of suffering an irreparable loss or injury." *Hoiles v. Watkins*, 117 Ohio St. 165, 174 (1927).

{¶14} Under Civ.R. 53(D)(3)(b)(i), "[a] party may file written objections to a magistrate's decision within fourteen days of the filing of the decision." *Id.* Further, Civ.R. 53 provides that "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion." Civ.R. 53(D)(3)(b)(iv). "The plain error doctrine permits correction of judicial proceedings when error is clearly apparent on the face of the record and is prejudicial to the appellant." (Citation omitted.) *Reichert*

3

*v. Ingersoll*, 18 Ohio St.3d 220, 223 (1985). Use of this doctrine, however, "is to be taken with utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *Id.*, citing *State v. Long*, 53 Ohio St.2d 91, (1978), paragraph three of the syllabus.

**{¶15}** In this case, appellant failed to file objections to the magistrate's decision. Hence, we are constrained to reviewing appellant's argument for plain error.

**{¶16}** At the hearing, Yogi Chokshi, president of appellant, testified the company is no longer operating and it is in the process of closing. He stated the company had no income and the equipment on its properties was essentially valueless. And, although appellant is in the process of seeking out a buyer for rutile ore (a mineral used in the manufacture of titanium dioxide) located on its properties, an estimated 33,000 tons of ore valued at $400 - $500 per ton, no such contract has been entered. Mr. Chokshi also testified that, if the ore is not sold by August of 2018, appellant would be in imminent danger of insolvency.

**{¶17}** Michael Harnett, vice president and part owner of appellee, testified appellant's failure to pay on the judgment has affected appellee's ability to pay bills. And, because its company has "hardly any profit," appellant's failure to satisfy the judgment could cause it irreparable harm.

**{¶18}** From the foregoing, the finder of fact could conclude appellant was in imminent danger of insolvency and, without the appointment of a receiver, appellee would be placed in danger of suffering an irreparable injury. The trial court's appointment of a magistrate did not create a manifest injustice. Therefore, we discern no plain error.

4

{¶19}   Appellant's first assignment of error lacks merit.

{¶20}   Appellant's second assignment of error provides:

{¶21}   "The trial court failed to follow procedure when the presiding judge issued an entry without hearing evidence."

{¶22}   Appellant contends the trial court committed error when it entered judgment without considering the testimony at the motion hearing and without expressly stating it adopted the magistrate's decision.  We do not agree.

{¶23}   The trial court entered judgment three days after the magistrate filed his decision.  In its judgment, the trial court indicated it had "considered the testimony of the Plaintiff's proposed Receiver" and that it considered "the documents and other evidence presented" at the hearing.  Because a transcript had not been prepared at that point, the trial court could not have considered this information.  Nevertheless, it is necessary to emphasize that appellant failed to file objections.  Pursuant to the rules of civil procedure, if objections are timely filed, a trial court *must conduct an independent review of those objections.* Civ.R. 53(D)(4)(d). If no objections are filed, a trial court is permitted to simply adopt the magistrate's decision as part of its judgment unless it determines that there is an error of law or other defect on the face of the decision. Civ.R. 53(D)(4)(c); *see also Miele v. Ribovich*, 90 Ohio St.3d 439, 443 (2000).

{¶24}   Here, by its very terms, the trial court's judgment was entered in light of the magistrate's decision. Even though the judgment did not expressly state it adopted the magistrate's decision, by granting appellee's motion, the judgment had the substantive effect of adopting the same in full.  And because appellant failed to file objections, the trial court was not required to conduct an independent review of the

proceedings for any alleged error. *Id.* ("in the absence of written objections or an erroneous or patently defective magistrate's decision, a judge is no longer required 'to make an independent analysis of the issues,' as required under the former version of the rule.") Rather, it was required only to review the magistrate's decision for an error of law. We agree that the trial court's statement that it reviewed testimony, documents, and other evidence that was submitted at the hearing was inaccurate. Because no objections were filed, however, any error in making these statements is harmless. We therefore conclude the trial court did not commit reversible error when it entered judgment in appellee's favor.

{¶25} Appellant's second assignment of error lacks merit.

{¶26} For the reasons discussed in this opinion, the judgment of the Ashtabula County Court of Common Pleas is affirmed.


TIMOTHY P. CANNON, J.,

COLLEEN MARY O'TOOLE, J.,

concur.

6