COLONIAL AMERICAN DEVELOPMENT COMPANY, D.B.A. GEORGETOWN VILLAGE APTS., APPELLEE, *v.* GRIFFITH, APPELLANT.

[Cite as Colonial American Development Co. *v.* Griffith (1990), 48 Ohio St. 3d 72.]

(No. 88-1930—Submitted October 18, 1989—Decided January 24, 1990.)

*R. Daniel Sykes,* for appellee.

*Legal Aid Society of Dayton, William L. Archer* and *Dorothy M. Kantosky,* for appellant.

*Bruce H. Kiracofe,* urging reversal for *amicus curiae* Columbus Housing Law Project, Inc.

WRIGHT, J. Appellant Daniel Griffith asserts that the court of appeals erred in holding that Civ. R. 53(E)(7) is inapplicable to forcible entry and detainer actions. Had the automatic stay required by Civ. R. 53(E)(7) been applied in this case, his appeal would not have been dismissed for being untimely filed. This case is controlled by

*Cuyahoga Metro. Housing Auth.* v. *Jackson* (1981), 67 Ohio St. 2d 129, 21 O.O. 3d 81, 423 N.E. 2d 177, and, consistent with that decision, we affirm the court of appeals.

Civ. R. 53(E)(7) was amended in 1985. The pre-1985 version at issue in *Jackson, supra,* delayed entry of a judgment for fourteen days following the filing of a referee's report. As amended, Civ. R. 53(E)(7) provides for an automatic stay not of the entry but of the *execution* of a judgment until the court deals with objections to a referee's report.[1] Appellant contends that the rule as amended does not impede the summary nature of a forcible entry and detainer action by delaying the proceeding. In a case on similar facts, the Court of Appeals for Franklin County reached the same conclusion, finding "* * * that the element of delay which formed the basis for the *Jackson* decision has been eliminated. * * *" *Crossroads Somerset Ltd.* v. *Newland* (1987), 40 Ohio App. 3d 20, 25, 531 N.E. 2d 327, 332. We disagree and hold that the automatic stay provision of Civ. R. 53(E)(7) remains inapplicable to forcible entry and detainer actions.

Civ. R. 1(C) provides in part that the Ohio Rules of Civil Procedure, "* * * to the extent that they would by their nature be clearly inapplicable, shall not apply to procedure * * * (3) in forcible entry and detainer * * *." Our determination in *Jackson* that Civ. R. 53(E) was by its nature clearly inapplicable to forcible entry and detainer actions was based on the potential for delay of what is intended to be a summary proceeding. *Jackson, supra,* at 131-132, 21 O.O. 3d at 83, 423 N.E. 2d at 179. We endorsed that principle earlier this year in *State, ex rel. GMS Management Co.,* v. *Callahan* (1989), 45 Ohio St. 3d 51, 543 N.E. 2d 483, holding Civ. R. 52 inapplicable in forcible entry and detainer actions because of the need to avoid delay. *Id.* at 55, 543 N.E. 2d at 487.

The amended version of Civ. R. 53 (E)(7) does not eliminate but merely postpones the potential for delay to the period between entry and execution of a judgment. Judge Brogan recognized this problem in his opinion below: "If the rule applies to forcible [entry and] detainer actions, the defendant need only wait until the bailiff is about to levy execution and then file an objection to the court's judgment. This objection will act to stay enforcement of the judgment without the necessity of the defendant posting security to protect the plaintiff's interests. * * *"

If judgment is entered against a defendant in a forcible entry and detainer action, he or she may delay execution and thereby eviction by filing a timely appeal pursuant to App. R. 4 and by posting a supersedeas bond. This procedure has the advantage of

---

[1] Civ. R. 53(E)(7) provides:

"Permanent and interim orders. The court may enter judgment on the basis of findings of fact contained in the referee's report without waiting for timely objections by the parties, but the filing of timely written objections to the referee's report shall operate as an automatic stay of execution of that judgment until the court disposes of those objections and thereby vacates, modifies or adheres to the judgment previously entered. The court may make an interim order on the basis of findings of facts contained in the referee's report without waiting for or ruling on timely objections by the parties where immediate relief is justified and such an interim order shall not be subject to the automatic stay caused by the filing of timely objections to the report, but no interim order shall extend more than twenty-eight (28) days from the date of its entry, unless within that time, for good cause shown, the court extends it for one like period."

protecting the interests of both parties to the action.

The judgment of the court of appeals is therefore affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, H. BROWN and RESNICK, JJ., concur.