[Cite as *Cherry v. Morgan*, 2012-Ohio-3594.]

IN THE COURT OF APPEALS FOR CLARK COUNTY, OHIO

PAUL W. CHERRY                              :

     Plaintiff-Appellee                  :                    C.A. CASE NO. 2012 CA 11

                                                           2012 CA 21

v.                                           :
                                                                  T.C. NO. 11 CVG 3908

LARRY N. MORGAN                              :
                                                                  (Civil appeal from
     Defendant-Appellant                 :               Municipal Court)

                                             :

        . . . . . . . . . .

**O P I N I O N**

Rendered on the    10th    day of     August   , 2012.

        . . . . . . . . . .

PAUL W. CHERRY, 107 Thomas Street, Athens, Alabama 35611
     Plaintiff-Appellee

LARRY N. MORGAN, P. O. Box 843, Springfield, Ohio 45501
     Defendant-Appellant

        . . . . . . . . . .

DONOVAN, J.

{¶ 1}    Defendant-appellant Larry N. Morgan appeals a judgment of the Clark
County Municipal Court which adopted the magistrate's decision ordering restitution of real

property located at 302 Fremont Avenue in Springfield, Ohio, to plaintiff-appellee Paul W. Cherry.

{¶ 2} On October 20, 2011, Cherry purchased the property located 302 Fremont Avenue from the Estate of Roberta G. Honaker. Cherry served Morgan, who was living on the property at the time, with a three-day notice to vacate on November 22, 2011. After Morgan refused to leave, Cherry filed a complaint in forcible entry and detainer on December 12, 2011. A hearing was held before the magistrate regarding Cherry's complaint on January 4 and 11, 2012. Both parties appeared pro se at the hearing.

{¶ 3} The magistrate's decision ordering restitution and the trial court's judgment adopting the magistrate decision were both issued on January 11, 2012. Pursuant to the restitution order, Morgan was required to vacate the property by January 16, 2012. On January 12, 2012, Morgan filed a request for a stay from the trial court's judgment ordering him to vacate the property in question. The trial court issued an entry overruling Morgan's request for a stay on January 13, 2012. On January 19, 2012, Morgan filed a change of address with the trial court. Morgan filed objections on January 23, 2012. On February 6, 2012, Morgan filed a notice of appeal of the trial court's decision with this Court.[1]

{¶ 4} The Ohio Supreme Court has stated that actions in forcible entry and detainer determine the right to immediate possession of the property "and nothing else." *Seventh Urban, Inc. v. University Circle*, 67 Ohio St.2d 19, 25, 423 N.E.2d 1070 (1981). A forcible entry and detainer action is intended to serve as an expedited mechanism by which

---

[1] We note that in an entry dated March 7, 2012, the trial court overruled Morgan's objections.

an aggrieved landlord may recover possession of real property. *Miele v. Ribovich*, 90 Ohio St.3d 439, 441, 2000-Ohio-193, 739 N.E.2d 333. Once a landlord has been restored to the property, the forcible entry and detainer action becomes moot because, having been restored to the premises, there is no further relief that can be granted. *RLJ Management Co., Inc. v. Larry Baldwin*, 3d Dist. Crawford No. 3-01-16, 2001-Ohio-2237.

{¶ 5} The only method by which a defendant appealing a judgment of forcible entry and detainer may prevent the cause from becoming moot is stated in R.C. 1923.14. *Long v. MacDonald*, 3d Dist. Crawford No. 3-02-10, 2002-Ohio-4693. The statute provides a means by which the defendant may maintain, or even recover, possession of the disputed premises during the course of his appeal by filing a timely notice of appeal, seeking a stay of execution, and posting a supersedeas bond. *Colonial American Dev. Co. v. Griffith*, 48 Ohio St.3d 72, 549 N.E.2d 513 (1990). If the defendant fails to avail himself of this remedy, all issues relating to the action are rendered moot by his eviction from the premises. *Long*, supra. While Morgan filed a motion for a stay of execution with the trial court which was overruled, he failed to seek a stay with this Court nor did he post a supersedeas bond. Accordingly, the instant appeal is moot.

{¶ 6} Thus, because the appeal is moot, we do not reach the merits of Morgan's claims; therefore, his appeal is dismissed.

. . . . . . . . . .

GRADY, P.J. and HALL, J., concur.

Copies mailed to:

Paul W. Cherry
Larry N. Morgan

Hon. Thomas E. Trempe