[Cite as *Miami Valley Hous. v. Jackson*, 2012-Ohio-5103.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

| | | |
|---|---|---|
| MIAMI VALLEY HOUSING | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 25020 |
| v. | : | T.C. NO. 11CV8929 |
| TONY JACKSON, et al. | : | (Civil appeal from Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___2nd___ day of ___November___, 2012.

. . . . . . . . . .

LAURENCE LASKY, Atty. Reg. No. 0002959, 130 W. Second Street, Suite 830, Dayton, Ohio 45402
  Attorney for Plaintiff-Appellee

TONY JACKSON, 3530 Delphos Avenue, Apt. #2, Dayton, Ohio 45417
  Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

{¶ 1} Tony Jackson appeals from a judgment of the Montgomery County Court of

Common Pleas, which ordered restitution of Jackson's residence to Miami Valley Housing

in its forcible entry and detainer action. For the following reasons, Jackson's appeal will be dismissed as moot.

{¶ 2} In February 2011, Jackson signed a lease to rent an efficiency apartment from Miami Valley Housing. Approximately ten months later, Miami Valley Housing filed a forcible entry and detainer action, alleging that Jackson "violated the lease by engaging in and/or permitting illegal activity," which constituted grounds for eviction. Miami Valley Housing requested restitution of the premises. It did not allege that Jackson owed past-due rent.

{¶ 3} The record reflects that a hearing was held in December 2011 and a trial was conducted on January 12, 2012, although written transcripts of those proceedings are not part of the record. In its subsequent January 25, 2012 entry, the trial court found that Miami Valley Housing was the owner of the premises, that statutory notices were served, and that Jackson was in breach of the lease or verbal rental agreement. The court ordered restitution of the premises to Miami Valley Housing.[1] The same day, a writ of restitution was issued.

{¶ 4} Jackson appeals from the trial court's judgment ordering restitution of the property to Miami Valley Housing. He did not seek a stay of execution pending appeal.

{¶ 5} "A forcible entry and detainer action decides the right to immediate possession of property and 'nothing else.'" *Goldstein v. Patel,* 9th Dist. Lorain Nos. 02CA8183 & 02CA8199, 2003-Ohio-4386, ¶ 4, quoting *Seventh Urban Inc. v. Univ. Circle Prop. Dev. Inc.*, 67 Ohio St.2d 19, 25, n. 11, 423 N.E.2d 1070 (1981). When the tenant has

---

[1] The trial court's "Entry of Restitution" further stated that "the Second Cause of Action, that being as and for back rent, is hereby continued." Miami Valley Housing's complaint did not include a claim for back rent. Accordingly, this additional language appears to be surplusage.

vacated the premises and the landlord has again taken possession, the merits of such action are generally rendered moot. *E.g.*, *Cherry v. Morgan*, 2d Dist. Clark Nos. 2012 CA 11 & 2012 CA 21, 2012-Ohio-3594, ¶ 4.

> The only method by which a defendant appealing a judgment of forcible entry and detainer may prevent the cause from becoming moot is stated in R.C.1923.14. The statute provides a means by which the defendant may maintain, or even recover, possession of the disputed premises during the course of his appeal by filing a timely notice of appeal, seeking a stay of execution, and posting a supersedeas bond. If the defendant fails to avail himself of this remedy, all issues relating to the action are rendered moot by his eviction from the premises.

(Citations omitted.) *Cherry* at ¶ 5.

**{¶ 6}** An appellate court may take judicial notice of post-appeal matters in the case to resolve questions of mootness. *See Mountaineer Invests., L.L.C. v. Performance Home Buyers, L.L.C.*, 2d Dist. Montgomery No. 24173, 2011-Ohio-3614, ¶ 11 (taking judicial notice of the post-appeal motion for a stay of execution, the tenant's failure to post a bond, and the return of writ in determining whether appeal was moot).

**{¶ 7}** In this case, the Sheriff's Return was filed on March 8, 2012. The return indicates that the writ of restitution was posted on January 27 and the "forced move out" occurred on March 3 (a little more than a month after the writ was issued by the court). It therefore appears that Jackson has vacated the premises. Because Jackson failed to obtain a stay of execution and was ejected pursuant to a writ of restitution, we find that his appeal is

moot. *See*, *e.g.*, *Mountaineer Invests*. at ¶ 12; *Cherry*, *supra*; *Valente v. Johnson*, 4th Dist. Athens Nos. 06CA31, 06CA38, 2007-Ohio-2664 (finding appeal of forcible entry and detainer action moot where appellant failed to post the required bond to obtain a stay of the writ of restitution and was ousted from the premises).

{¶ 8}    Jackson's appeal from the trial court's judgment ordering restitution of the premises to Miami Valley Housing will be dismissed as moot.

. . . . . . . . . .

FAIN, J. and HENDON, J., concur.

(Hon. Sylvia Sieve Hendon, First District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Laurence Lasky
Tony Jackson
Hon. Gregory F. Singer