[Cite as *Gold Key Realty v. Collins*, 2013-Ohio-3457.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## GREENE COUNTY

GOLD KEY REALTY, dba LANDMARK VILLAGE APARTMENTS

     Plaintiff-Appellee

v.

SHERRY COLLINS

     Defendant-Appellant

Appellate Case No.    2013-CA-12

Trial Court Case No.   CVG1300017

(Civil Appeal from Municipal Court)

. . . . . . . . . . .

## O P I N I O N

Rendered on the 9th day of August, 2013.

. . . . . . . . . . .

LAURENCE A. LASKY, Atty. Reg. No. 0002959, 130 West Second Street, Suite 830, Dayton, Ohio 45402
     Attorney for Plaintiff-Appellee

KELLI A. BARTLETT, Atty. Reg. No. 0077263, 130 West Second Street, Suite 700, Dayton, Ohio 45402
     Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1}    Defendant-Appellant, Sherry Collins, appeals from a trial court order increasing the amount of her bond from $354 per month to $637 per month.   Collins contends that the trial court abused its discretion by increasing the bond to the amount of the contract rent when the court had previously held that the Plaintiff-Appellee, Gold Key Realty dba Landmark Village Apartments (Landmark) had improperly increased the rent.

{¶ 2}    We conclude that the trial court did not abuse its discretion by increasing the amount of the bond.   Supersedeas bonds protect successful trial court plaintiffs from damages that result from appeals being taken.   Collins elected to stay in the leased premises after restitution was ordered, and Landmark could have rented the premises to another party for a minimum of $637.   Under the circumstances, the bond is not unreasonable.   Accordingly, the judgment of the trial court will be affirmed.

I.   Facts and Course of Proceedings

{¶ 3}    In 2009, Sherry Collins signed a lease agreement with Landmark, which is a HUD-subsidized property located in Fairborn, Ohio.   Landmark has 165 units, almost all of which are subsidized.   Only one or two tenants are paying market rent.   There is a difference between "market rent" and "contract rent."   Market rent is what a comparable apartment would rent for in the area.   However, contract rent is less, and is what the landlord can obtain from HUD.   The tenant is required to pay a share of the contract rent, depending on the tenant's income.   In Collins's case, the initial amount she was required to contribute was zero.

{¶ 4}    When Collins signed the lease agreement, she also filled out a certification

concerning her income and other sources of funds, her obligations, and her family composition. Recertifications were then required by HUD on a yearly basis. As part of the recertification process, tenants must personally come into the rental office, answer questionnaires, and sign releases for income and asset verification. If a tenant fails to comply and the year-term expires without recertficiation, the rent for the tenant is the contract rate, and Landmark must return any money that HUD contributes for the tenant.

{¶ 5} Collins complied with the recertification requirements in 2010 and 2011. However, in 2012, Collins did not fill out recertification papers. Landmark sent reminder notices to Collins in August, September, and October 2012, indicating that Collins had to complete the recertification process by November 30, 2012. Collins was also informed that if she failed to complete the process, Landmark had the right to terminate her lease and charge her the contract rate, which was $637 per month.

{¶ 6} On August 6, 2012, Collins signed an interim recertification, which was a mid-year change or adjustment used to place Collins's husband, Darrell, on the lease. Interim recertifications are used to make changes during the course of a lease and do not affect the requirement to complete the annual recertification. Based on Darrell's income, Collins's share of the rent increased from zero to $351 per month.[1] Collins was upset about her husband's addition to the lease, and refused to engage in the recertification process because she did not believe that Landmark could force her to add someone to her lease.

{¶ 7} Based on the failure to recertify, Landmark sent Collins a notice of termination

---

[1] The precise amount of Collins' portion of the rent is not clear. At various times in the transcripts, it was described as $351, $354, and $286. This discrepancy is irrelevant for purposes of the issues before us.

in early December 2012. The notice indicated that the tenancy would be terminated December 16, 2012, and that because of the failure to recertify, the rent would be increased to $637. The notice also gave Collins the right to come into Landmark's office within ten days to discuss the proposed termination. Neither Collins nor her husband came into the office during that time.

{¶ 8} On December 17, 2012, Landmark delivered a three-day notice of termination to the Collinses. They did not pay the $637 monthly rent in December 2012, nor did they pay it in January or February 2013. In fact, they paid no rent at all for these months. Landmark repaid HUD $1,053 for the months of December, January, and February.

{¶ 9} In January 2013, Landmark filed a complaint in forcible entry and detainer against Sherry Collins and all others residing in the apartment. Landmark requested restitution of the premises and a money judgment for the unpaid rent for December and January, plus all other rent that accrued before the premises were vacated. After Collins filed an answer, the matter was tried before a magistrate in February 2013. The magistrate concluded that Landmark had technically failed to completely comply with the HUD Handbook when it sent the reminder notices. Based on this finding, the magistrate further concluded that Landmark had improperly raised the rent to $637 on December 1, 2012. However, the magistrate also concluded that possession of the premises should be restored to Landmark, because there was no evidence that Collins had tried to pay the rental amount of $354.

{¶ 10} Collins filed timely objections to the magistrate's decision, and requested a transcript. In the meantime, Collins asked the trial court for a stay of the restitution order, with a use and occupancy bond. On February 21, 2013, a retired judge ordered the entry of restitution to be stayed pending review of the objections. The judge's order was contingent upon Collins

paying $1,062 by February 28, 2013, and $354 per month thereafter.

{¶ 11}    Landmark asked for an oral hearing on the matter, which was then scheduled for March 15, 2013.   At that time, the trial court heard evidence from the parties.   Landmark presented evidence showing that Collins had signed a HUD certification that indicated the monthly rent she would be charged if she failed to recertify.   This form stated that the market rent was $715, and the contract rent, which is the most that HUD would repay, would be $637.   Landmark also established that it was not receiving any subsidy from HUD for Collins's rental unit.

{¶ 12}    After hearing the evidence, the trial court concluded that $637 per month would be needed to make Landmark whole.   Accordingly, the court raised the bond to that amount. Collins then appealed from the judgment granting the bond increase, and requested a stay of the trial court's order.   We granted a stay order in late March 2013.   We held that Collins should make monthly bond postings in the amount of $354, pending further order from our court.

II.   Did the Trial Court Abuse its Discretion By Increasing the Bond Amount?

{¶ 13}    Collins's sole assignment of error is as follows:

The Trial Court Abused Its Discretion By Increasing the Bond Amount to Contract Rent When the Court Had Previously Held That the Landlord Had Improperly Increased the Rent to Contract Rent.

{¶ 14}    Under this assignment of error, Collins contends that the trial court abused its discretion in increasing the amount of the bond to $637 per month, because that is not the amount Collins was required to pay for the premises.   In this regard, Collins stresses the

magistrate's finding that Landmark improperly raised the rent to $637 per month in December 2012. This was based on Landmark's failure to technically comply with a few requirements for providing notice of recertification.

{¶ 15} We review decisions on stays of execution and bond requests for abuse of discretion. (Citation omitted.) *Ohio Carpenter's Pension Fund v. La Centre, L.L.C.*, 8th Dist. Cuyahoga Nos. 86597, 86789, 2006-Ohio-2214, ¶ 31. "[A]n abuse of discretion most commonly arises from a decision that was unreasonable." (Citations omitted.) *Wilson v. Lee*, 172 Ohio App.3d 791, 2007-Ohio-4542, 876 N.E.2d 1312, ¶ 11 (2d Dist.) Decisions are unreasonable if they are not supported by a sound reasoning process. *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). The issue, thus, is whether the trial court acted unreasonably in requiring Collins to pay an increased amount in order to stay the restitution order.

{¶ 16} Stays of execution are governed by Civ.R. 62(B), which provides that:

When an appeal is taken the appellant may obtain a stay of execution of a judgment or any proceedings to enforce a judgment by giving an adequate supersedeas bond. The bond may be given at or after the time of filing the notice of appeal. The stay is effective when the supersedeas bond is approved by the court.

{¶ 17} " 'An appeal or supersedeas bond is a bond posted on an appeal by an unsuccessful litigant in a trial court action.' " *Richard L. Bowen & Assoc., Inc. v. 1200 W. Ninth Street L.P.,* 107 Ohio App.3d 750, 753, 669 N.E.2d 500 (8th Dist.1995), quoting Wiley, *Handling Fidelity, Surety and Financial Risk Claims,* Section 4.7, at 69 (1990). " 'A

supersedeas bond is distinguished from an appeal bond in that it protects a successful trial court plaintiff from damages that result from the appeal being taken.' " *Id*.

{¶ 18} In arguing that the bond increase is unreasonable, Collins focuses on the invalidity of Landmark's actions in complying with the HUD regulations on notice. Collins also cites *Hidden Meadows Townhomes v. Ross*, 1st Dist. Hamilton No. C–120045, 2012-Ohio-6017. In *Hidden Meadows*, the First District Court of Appeals reversed an order of restitution and damages, based on the landlord's failure to comply with various HUD requirements for terminating the lease. *Id*. at ¶ 45.

{¶ 19} The decision in *Hidden Meadows* is not relevant, because Landmark's actions and the validity of the restitution order are not before us. Collins appealed before the trial judge ruled on her objections to the magistrate's decision, and the substantive issues are still pending in the trial court. At this point, we are only considering whether the trial court acted unreasonably in increasing the bond.

{¶ 20} Based on the record before us, we cannot say that the trial court acted unreasonably. The initial bond was set by a retired judge, and there is no indication that he heard any evidence before establishing the amount to be paid. Subsequently, the trial judge heard evidence before increasing the bond, and her decision is not unreasonable. When the bond was increased, Landmark had already prevailed on its request for restitution, based on Collins's choice not to pay any rent for December. By electing to stay in the premises, and by refusing to surrender possession, Collins prevented Landmark from renting the unit to any other party. The record indicates that Landmark would have been able to obtain $637 per month from another HUD-subsidized renter. Landmark could also have rented the unit to a

non-HUD-subsidized party for at least $715 per month, which was the amount of the market rent at the time the trial court heard the evidence in March 2013. Accordingly, requiring Collins to pay this amount as Landmark's potential loss was not unreasonable.

**{¶ 21}** Collins's sole assignment of error is overruled.

### III. Conclusion

**{¶ 22}** Collins's sole assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FAIN, P.J. and FROELICH, J., concur.

Copies mailed to:

Laurence A. Lasky
Kelli A. Bartlett
Hon. Beth W. Root