[Cite as *Gold Key Realty v. Collins*, 2014-Ohio-4705.]

IN THE COURT OF APPEALS FOR GREENE COUNTY, OHIO

GOLD KEY REALTY, et al. :

    Plaintiff-Appellee : C.A. CASE NO.    2013 CA 57

v. : T.C. NO.    CVG1300017

SHERRY COLLINS, et al. : (Civil appeal from
    Municipal Court)

    Defendant-Appellant :

:

    . . . . . . . . . .

**O P I N I O N**

Rendered on the    24th    day of    October   , 2014.

    . . . . . . . . . .

LAURENCE A. LASKY, Atty. Reg. No. 0002959, 130 W. Second Street, Suite 830, Dayton, Ohio 45402
    Attorney for Plaintiff-Appellee

KELLI A. BARTLETT, Atty. Reg. No. 0077263, 130 W. Second Street, Suite 700 West, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

    . . . . . . . . . .

FROELICH, P.J.

    **{¶ 1}** Sherry Collins appeals from a judgment of the Fairborn Municipal

Court, which overruled, as moot, her objections to the magistrate's decision to grant restitution of her apartment to her landlord, Gold Key Realty dba Landmark Village Apartments, and dismissed, as moot, the forcible entry and detainer action against her. For the following reasons, the trial court's judgment will be affirmed.

## I.   Factual and Procedural History

**{¶ 2}**    We described the underlying circumstances of this case in *Gold Key Realty v. Collins*, 2d Dist. Greene No. 2013-CA-12, 2013-Ohio-3457, as follows:

In 2009, Sherry Collins signed a lease agreement with Landmark, which is a HUD-subsidized property located in Fairborn, Ohio. Landmark has 165 units, almost all of which are subsidized. Only one or two tenants are paying market rent. There is a difference between "market rent" and "contract rent." Market rent is what a comparable apartment would rent for in the area. However, contract rent is less, and is what the landlord can obtain from HUD. The tenant is required to pay a share of the contract rent, depending on the tenant's income. In Collins's case, the initial amount she was required to contribute was zero.

When Collins signed the lease agreement, she also filled out a certification concerning her income and other sources of funds, her obligations, and her family composition. Recertifications were then required by HUD on a yearly basis. As part of the recertification process, tenants must personally come into the rental office, answer questionnaires, and sign releases for income and asset verification. If a tenant fails to comply and the

year-term expires without recertficiation, the rent for the tenant is the contract rate, and Landmark must return any money that HUD contributes for the tenant.

Collins complied with the recertification requirements in 2010 and 2011. However, in 2012, Collins did not fill out recertification papers. Landmark sent reminder notices to Collins in August, September, and October 2012, indicating that Collins had to complete the recertification process by November 30, 2012. Collins was also informed that if she failed to complete the process, Landmark had the right to terminate her lease and charge her the contract rate, which was $637 per month.

On August 6, 2012, Collins signed an interim recertification, which was a mid-year change or adjustment used to place Collins's husband, Darrell, on the lease. Interim recertifications are used to make changes during the course of a lease and do not affect the requirement to complete the annual recertification. Based on Darrell's income, Collins's share of the rent increased from zero to $351 per month.[1] Collins was upset about her husband's addition to the lease, and refused to engage in the recertification process because she did not believe that Landmark could force her to add someone to her lease.

[1] The precise amount of Collins' portion of the rent is not clear. At various times in the transcripts, it was described as $351, $354, and $286. This discrepancy is irrelevant for purposes of the issues before us.

Based on the failure to recertify, Landmark sent Collins a notice of termination in early December 2012. The notice indicated that the tenancy would be terminated December 16, 2012, and that because of the failure to recertify, the rent would be increased to $637. The notice also gave Collins the right to come into Landmark's office within ten days to discuss the proposed termination. Neither Collins nor her husband came into the office during that time.

On December 17, 2012, Landmark delivered a three-day notice of termination to the Collinses. They did not pay the $637 monthly rent in December 2012, nor did they pay it in January or February 2013. In fact, they paid no rent at all for these months. Landmark repaid HUD $1,053 for the months of December, January, and February.

In January 2013, Landmark filed a complaint in forcible entry and detainer against Sherry Collins and all others residing in the apartment. Landmark requested restitution of the premises and a money judgment for the unpaid rent for December and January, plus all other rent that accrued before the premises were vacated. After Collins filed an answer, the matter was tried before a magistrate in February 2013. The magistrate concluded that Landmark had technically failed to completely comply with the HUD Handbook when it sent the reminder notices. Based on this finding, the magistrate further concluded that Landmark had improperly raised the rent to $637 on December 1, 2012. However, the magistrate also concluded that possession of the premises should be restored to Landmark, because there

was no evidence that Collins had tried to pay the rental amount of $354.

(Footnote 1 in original.) *Gold Key Realty* at ¶ 3-9.

{¶ 3} On February 14, 2013, the trial court signed the magistrate's entry, adopting the magistrate's decision. The following day, Landmark sought a writ of restitution, which the trial court granted.

{¶ 4} On February 21, 2013, Collins filed timely objections to the magistrate's decision, and she requested a transcript. She asserted that the magistrate erred in awarding restitution of the premises to Landmark because (1) Landmark had not served her with a proper notice of termination, (2) the basis for the termination was not included in Landmark's notice of termination, contrary to HUD regulations, (3) any offer of less than $637 for December 2012 rent would have been futile, and (4) equitable factors weighed in her favor.

{¶ 5} Collins asked the trial court for a stay of the restitution order, with a use and occupancy bond.[2] The trial court stayed the execution of the writ of restitution pending review of Collins's objections. The judge's order was contingent upon Collins's paying $1,062 by February 28, 2013, and $354 per month thereafter. Landmark asked for a hearing on the amount of the bond. After a hearing, the trial court raised the bond amount to $637 per month.

{¶ 6} Collins appealed from the judgment granting the bond increase and

---

[2] The automatic stay provision in Civ.R. 53(D)(4)(e)(i) does not apply to forcible entry and detainer actions. *Colonial Am. Dev. Co. v. Griffin*, 48 Ohio St.3d 72, 549 N.E.2d 513 (1990) (interpreting former Civ.R. 53(E)(7)); *Miele v. Ribovich*, 90 Ohio St.3d 439, 739 N.E.2d 333 (2000) (stating that its decision "is not intended to affect our previous holdings in *Colonial Am. Dev. Co.* ***"); *Cherry v. Morgan*, 2d Dist. Clark Nos. 2012 CA 11 & 2012 CA 21, 2012-Ohio-3594, ¶ 5.

requested a stay of the trial court's order. We granted a stay in late March 2013 and required Collins to make monthly bond postings in the amount of $354, pending further order from our court. On August 9, 2013, we affirmed the trial court's order increasing the amount of Collins's bond from $354 per month to $637 per month. *Gold Key Realty*, 2d Dist. Greene No. 2013-CA-12, 2013-Ohio-3457.

{¶ 7}   Four days later (August 13), Landmark requested a writ of restitution from the trial court. The same day, the trial court ordered Collins to deposit an additional $2,545 (representing the difference between $637 and $354, multiplied by nine months) with the clerk of court by August 30, 2013, in order to continue the stay of the writ of restitution. The order indicated that, if Collins failed to deposit that amount, the bailiff would execute a writ of restitution within 10 days. Collins failed to make the necessary deposit. Accordingly, on September 4, 2013, the trial court ordered that the provision in the court's August 13th order be carried out. Collins was evicted on September 6, 2013.

{¶ 8}   On September 11, 2013, the trial court issued an entry addressing Collins's objections to the magistrate's decision of February 14, 2013. The trial court stated that a forcible entry and detainer action is generally moot where the landlord has taken possession of the property. The entry noted that Collins was moved out on September 6 because she "failed to continue to post the monthly use and occupancy bond as ordered by this Court pending ruling on the Objections." The trial court concluded that her objections to the magistrate's decision "on Count One ordering restitution of the premises is hereby rendered as moot."

{¶ 9}   Collins appealed from the trial court's September 11, 2013 entry. On

November 25, 2013, we ordered Collins to show cause why her appeal should not be dismissed, because it appeared that the case was moot due to Landmark's regaining possession of the property. Collins responded that the trial court's entry was a final appealable order because, by "refusing to rule on the Objections to the Magistrate's Decision, the trial court deprives Ms. Collins of her right under Ohio Civil Rule 53(D)(4)(d) * * *." Collins further asserted that she would suffer collateral consequences if the underlying restitution order granted by the magistrate's decision were allowed to stand, and that others who are similarly situated would benefit from resolution of this issue. On February 11, 2014, we dismissed the appeal for lack of jurisdiction, stating that "Collins' vehicle to challenge the trial court's determination is a timely appeal from the restitution order. By her own admission, she has not sought an appeal from that order."

{¶ 10} Collins moved for reconsideration of our judgment of dismissal. On May 9, 2014, we granted the motion. We stated:

> In her motion for reconsideration, Collins contends that it would have been improper for her to have filed a notice of appeal from the February 14, 2013 magistrate's decision recommending restitution, which was adopted by the trial court on the same day, because she had timely filed objections, and the order did not become final until those objections were resolved. We agree. The trial court's determination on September 11, 2013 that the objections were moot was a ruling on the objections, despite Collins' argument to the contrary, thereby making the February decision final and appealable. Only at this point did Collins have a remedy via appeal to

challenge the trial court's decision.

We take this opportunity to additionally find that this matter is distinguishable from the situation in *Reck [v. Whalen*, 114 Ohio App.3d 16, 682 N.E.2d 721 (2d Dist.1996)], where a separate, independent action resulting in restitution of the property caused the appeal from the previous eviction action to be moot. Here, Collins is challenging the very decision ordering her eviction. Arguably, if this Court were to find that the trial court erred in overruling Collins' objections, some relief may be available to her. *See*, *e.g.*, *Agler Green Co-op v. Rivers*, 10th Dist. Franklin No. 87AP-915, 1987 WL 31282 (Dec. 23, 1987) (appeal of eviction not moot although defendant had vacated the subject premises because she did not do so voluntarily, she had not permanently relocated to another residence, and the subject premises remained vacant).

{¶ 11} Collins raises two assignments of error for our review.

## II. Civ.R. 53 and Mootness

{¶ 12} Collins's assignments of error state:

I. THE TRIAL COURT ERRED AS A MATTER OF LAW BY DETERMINING THAT THE CASE WAS MOOT AND THAT OBJECTIONS TO THE MAGISTRATE'S DECISION GRANTING RESTITUTION SHOULD NOT BE RULED UPON BECAUSE THE APPELLANT HAD MOVED FROM THE PREMISES FOLLOWING THE EXECUTION OF THE WRIT OF RESTITUTION.

II. THE TRIAL COURT ERRED AS A MATTER OF LAW BY DETERMINING THAT OBJECTIONS TO THE MAGISTRATE'S DECISION GRANTING RESTITUTION SHOULD NOT BE RULED UPON IN VIOLATION OF CIVIL RULE 53.

{¶ 13} Both of Collins's assignments of error relate to the trial court's determination that the action was moot and, consequently, the trial court's failure to address the merits of her objections.

{¶ 14} "A forcible entry and detainer action is intended to serve as an expedited mechanism by which an aggrieved landlord may recover possession of real property." *Miele v. Ribovich*, 90 Ohio St.3d 439, 441, 739 N.E.2d 333 (2000). A forcible entry and detainer action decides only the right to immediate possession of property. *Miami Valley Hous. v. Jackson*, 2d Dist. Montgomery No. 25020, 2012-Ohio-5103, ¶ 5.

{¶ 15} The long and complicated procedural history of this case is partly attributable to the fact that certain Rules of Civil Procedure do not apply to forcible entry and detainer actions. Civ.R. 1(C) expressly states that the Rules of Civil Procedure, to the extent that they would, by their nature, be clearly inapplicable, do not apply to forcible entry and detainer actions. The Supreme Court of Ohio has repeatedly stated that, due to the expedited nature of forcible entry and detainer proceedings, "the drafters of the Rules of Civil Procedure were careful to avoid encrusting this special remedy with time consuming procedure tending to destroy its efficacy." *Miele* at 441, quoting *Cuyahoga Metro. Hous. Auth. v. Jackson*, 67 Ohio St.2d 129, 131, 423 N.E.2d 177 (1981).

{¶ 16} Applying Civ.R. 1(C), the supreme court has held that several of the magistrate procedures do not apply in forcible entry and detainer actions, including the

automatic stay provisions of former Civ.R. 53(E)(7). *Colonial Am. Dev. Co. v. Griffith*, 48 Ohio St.3d 72, 549 N.E.2d 513 (1990), syllabus. *See also*, *e.g.*, *Jackson*, 67 Ohio St.2d 129, syllabus (former Civ.R. 53(E), requiring a referee to prepare a report, and Civ.R. 54(B) were "clearly inapplicable to proceedings in forcible entry and detainer, on the authority of Civ.R. 1(C)"); *State ex rel. GMS Mgt. Co., Inc. v. Callahan*, 45 Ohio St.3d 51, 543 N.E.2d 483 (1989) (former Civ.R. 52, requiring the trial court enter findings of facts and conclusions of law when requested). The court stated in *Griffith*: "If judgment is entered against a defendant in a forcible entry and detainer action, he or she may delay execution and thereby eviction by filing a timely appeal pursuant to App.R. 4 *and* by posting a supersedeas bond. This procedure has the advantage of protecting the interests of both parties to the action." (Emphasis added.) *Griffith* at 73-74.

{¶ 17} In 1995, extensive amendments to Civ.R. 53 "address[ed] the need for efficiency" in forcible entry and detainer actions and "provide[d] trial courts with a framework that enables them to render expedited judgments in cases where neither party files objections to the magistrate's decision." *Miele* at 444. The supreme court noted that the automatic stay provision in Civ.R. 53(E) was not changed, and that its ruling in *Griffith* continues to apply. *Miele*, 90 Ohio St.3d at 444, fn.5.

{¶ 18} On review of a claim for restitution, we have stated that "the Ohio Rules of Civil Procedure require a party to file written objections to the magistrate's decision. Civ.R. 53(E)(3)(b). When a party fails to file objections, the party may not assign as error on appeal the court's adoption of the magistrate's decision [granting restitution of the property]. *Id*." *Dayton Metro. Hous. Auth. v. Calloway*, 2d Dist. Montgomery No. 22311,

2008-Ohio-3869, ¶ 6. In so stating, we did not discuss the extent to which Civ.R. 53 applies to forcible entry and detainer actions.

{¶ 19} The Supreme Court has not expressly addressed whether the filing of objections interferes with the expedited nature of forcible entry and detainer actions, but its holding in *Griffith* suggests that, if the trial court has entered judgment before the time for filing objections has run, the tenant need not file objections and, instead, should file a notice of appeal from the trial court's judgment. Moreover, *Miele* recognized that former Civ.R. 53(E) did not "impede[ ] the summary disposition of forcible entry and detainer cases" *where no objections were filed*. (Emphasis added.) *Miele* at 444. In light of the delay attendant to the objection procedures of Civ.R. 53, a determination of the applicability of those provisions would be beneficial for the many parties and courts involved in forcible entry and detainer actions. *See also* Peter M. Iskin, *Ohio Eviction and Landlord-Tenant Law (3d Ed.)*, p. 83, n.75 (2003) (questioning whether former Civ.R. 53(E)(3)(b), prohibiting parties from assigning as error on appeal the trial court's adoption of the magistrate's findings of fact or conclusions of law absent the filing of objections, should apply to eviction actions). Such a determination would also resolve whether a tenant must appeal from the judgment ordering restitution or from the trial court's ruling on the objections to the magistrate's decision, a question raised in this case.

{¶ 20} Here, Collins filed objections to the magistrate's decision, and the trial court ruled on those objections approximately seven months later, after the stay was dissolved and Collins had been evicted from the apartment. At that juncture, the trial court determined that Collins's vacation of the apartment rendered the forcible entry and detainer action moot,

and thus it was not required to rule on the merits of Collins's objections.  Assuming (based on our existing authority) that Collins was required to file objections under Civ.R. 53, our determination of whether the trial court properly failed to rule on the merits of Collins's objections turns on whether it properly concluded that the action, and thus the objections, were moot.

**{¶ 21}**  "When the tenant has vacated the premises and the landlord has again taken possession, the merits of such action are generally rendered moot."  Id., citing, *e.g.*, *Cherry v. Morgan*, 2d Dist. Clark Nos. 2012 CA 11 & 2012 CA 21, 2012-Ohio-3594, ¶ 4.

**{¶ 22}**  Here, the trial court found that Collins's objections were rendered moot when she vacated her apartment and, although not clearly stated, the trial court's decision dismissed the forcible entry and detainer action against Collins as moot.  We review a trial court's dismissal of an action as moot under a de novo standard of review.  *Brown v. Dayton*, 2d Dist. Montgomery No. 24900, 2012-Ohio-3493, ¶ 9.

**{¶ 23}**  We discussed the concept of mootness in *Brown*, as follows:

The concept of mootness is firmly rooted in Article III, Section 2, of the United States Constitution, conferring power upon courts to hear cases or controversies.  *James A. Keller, Inc. v. Flaherty*, 74 Ohio App.3d 788, 791, 600 N.E.2d 736 ([10th Dist.]1991).  Mootness presents a question of jurisdiction because a lack of an actual case or controversy between the parties renders it necessarily impossible for a court to grant any meaningful relief.  *Miner v. Witt*, 82 Ohio St. 237, 92 N.E. 21 (1910).  Obviously, a judgment cannot be carried into effect when the underlying issue at hand is

abstract, hypothetical, or otherwise potential. Although Ohio does not have a constitutional counterpart to Article III, Section 2, courts throughout Ohio continue to follow the long-standing concept of judicial restraint, mandating that courts entertain jurisdiction only over questions that are not moot. *Flaherty* at 791, 600 N.E.2d 736.

The question of mootness, however, cannot always be decided as a matter of law and several limited exceptions to the mootness doctrine exist whereby a court may entertain jurisdiction in order to consider the issue. A trial court may factually determine that the matter is capable of repetition, yet evade review; that the matter produces adverse collateral consequences; or that the matter involves an important constitutional question. * * *

*Brown* at ¶ 10-11.

{¶ 24} It is undisputed that Collins has vacated the apartment at issue. Collins claims, however, that two exceptions to the mootness doctrine apply to her objections to the magistrate's decisions and that the trial court should have addressed the merits of those objections. First, she contends that she will suffer collateral consequences from her eviction, i.e., that her eligibility for project-based assisted housing will be affected. Second, she argues that there are other similarly situated individuals who would benefit from the resolution of her objections. Collins further states that her action is not moot because, if she prevails on her objections, she could still be afforded effective relief, such as being reinstated to her apartment, if it is available, or provided a comparable unit, when one becomes available.

{¶ 25} "In assessing collateral-consequences questions, courts must highlight the fine line which distinguishes pure speculation from reasonably possible adverse scenarios." *Brown* at ¶ 13. We have recognized that tenants of federally-subsidized housing have a constitutionally-protected interest in continued occupancy of their housing. *Gorsuch Homes, Inc. v. Wooten*, 73 Ohio App.3d 426, 597 N.E.2d 554 (2d Dist.1992). At the time the trial court considered Collins's objections, however, Collins had vacated her federally-subsidized apartment. And while certain conduct might impair a tenant's ability to qualify for federally-subsidized housing elsewhere, *see Brown* at ¶ 13 (consequence of felony drug/nuisance finding was eviction for 365 days), Collins's brief did not direct us to any provision of the HUD Multifamily Occupancy Handbook, 4350.3 REV-1, or other regulation to support her claim that her eligibility for subsidized housing might be affected if her objections are not considered by the trial court on the merits.

{¶ 26} At oral argument, Collins directed us to 24 C.F.R. 982.552(c), which provides that a public housing agency (PHA) has the authority to deny admission or terminate assistance if "any member of the family has been evicted from federally assisted housing in the last five years." The PHA must terminate program assistance for a family evicted for a serious violation of the lease. 24 C.F.R. 982.552(b). Collins acknowledged that this federal regulation applies to the HUD Housing Choice Voucher Program (Section 8), not the privately-owned subsidized housing in which Collins lived. Collins stated, however, that owners of privately-owned subsidized housing use the Section 8 criteria as guidance.

{¶ 27} We emphasize that the trial court did not enter a final judgment against Collins on Landmark's forcible entry and detainer claim; instead, the trial court dismissed,

as moot, the forcible entry and detainer action against her, and collateral consequences are even more speculative when there has been no negative judgment against the tenant. Collins moved out of her apartment due to her inability to stay the magistrate's ruling against her, but she did so before the trial court ruled on her objections. The trial court's dismissal of Landmark's forcible entry and detainer claim was not an adjudication on the merits and had the effect of vacating the previous judgment of eviction in her case. *See State ex rel. Commt. for the Referendum of Lorain Ordinance No. 77-01 v. Lorain Cty. Bd. of Elections*, 96 Ohio St.3d 308, 2002-Ohio-4194, 774 N.E.2d 239 (when case dismissed as moot, no final judgment was rendered on the merits and res judicata did not apply). Moreover, res judicata would not bar any legal or equitable action against Landmark based on Landmark's eviction proceeding against her. *Id.*

{¶ 28} Even if the trial court had merely overruled the objections as moot and left the judgment intact, a judgment of restitution in a forcible entry and detainer action would not bar Collins from pursuing a claim against Landmark. *See Reck v. Whalen*, 114 Ohio App.3d 15, 682 N.E.2d 721 (2d Dist.1996) (per R.C. 1923.03, the outcome of an eviction proceeding does not operate as a bar to other claims that either party may have against the other); *Machshonba v. Cleveland Metro. Hous. Auth.*, 8th Dist. Cuyahoga No. 96811, 2011-Ohio-6760, ¶ 13 ("a forcible entry and detainer action does not bar a tenant from bringing a wrongful eviction claim or challenging whether the proper procedures were followed").

{¶ 29} Collins further claims that other similarly situated individuals would benefit from consideration of her objections. As stated above, Collins argued in her objections that

the magistrate erred in awarding restitution to Landmark because (1) Landmark did not serve her with a proper notice of termination, (2) the basis for the restitution was not included in Landmark's notice of termination, (3) any offer of less than $637 as rent for December 2012 would have been futile, and (4) equitable factors weighed in favor of denying restitution to Landmark. In our view, these arguments are specific to the circumstances of Collins's case, and they do not present questions of great public importance to justify overcoming the mootness doctrine.

{¶ 30} In summary, the trial court did not err in finding that, due to Collins's vacation of the apartment, Collins's objections to the magistrate's ruling and the forcible entry and detainer action itself were moot. And in finding that Collins's objections were moot, the trial court did not act inconsistently with Civ.R. 53. Collins's assignments of error are overruled.

III. Conclusion

{¶ 31} The trial court's judgment will be affirmed.

. . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.

Copies mailed to:

Laurence A. Lasky
Kelli A. Bartlett
Hon. Beth W. Root