[Cite as *Kettering Square Apts. v. Crawford*, 2017-Ohio-9054.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

|  |  |  |
|---|---|---|
| KETTERING SQUARE APARTMENTS | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case Nos. 27504, 27545, |
| | : | 27548 |
| v. | : | |
| | : | Trial Court Case No. 17-CVG-2078 |
| MARSHIE CRAWFORD | : | |
| | : | (Civil Appeal from |
| Defendant-Appellant | : | Municipal Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 15th day of December, 2017.

. . . . . . . . . . .

DERRICK STRAHORN, Atty. Reg. No. 0034483, 6233 North Main Street, Dayton, Ohio 45415
        Attorney for Plaintiff-Appellee

DEBRA LAVEY, Atty. Reg. No. 0073259, 130 West Second Street, Suite 700 West, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, P.J.

{¶ 1} The trial court granted Kettering Square Apartments (KSA) restitution of the apartment in which Marshie Crawford lives, because she violated her lease. Crawford has appealed several of the court's entries. Finding no error in any of them, we affirm them all.

## I. Background

{¶ 2} On November 23, 2016, KSA served Crawford, who lives in a federally subsidized apartment, with a 30-day notice of termination of her lease. The notice states that she breached her lease by failing to maintain her apartment in a safe and sanitary condition. According to the notice, earlier that year, on May 19 her apartment failed a housekeeping inspection. A letter delivered on May 27 explained why it failed and gave a date for reinspection. A month later, on June 27, the apartment was again inspected and again failed. On September 1, Crawford's attorney sent KSA a letter stating that Crawford is disabled and asking that it give her a "reasonable accommodation in the form of a two-week extension of time to address any failed inspection items." KSA did not respond to the letter or talk to Crawford about her request. However it was not until almost four months later, on December 27, KSA served Crawford a 10-day notice of termination, and then on January 9, 2017, it served her a 3-day notice of termination. Crawford did not leave. On January 19, KSA filed a complaint for forcible entry and detainer against her, asking for restitution of the premises. On March 14, after a hearing, a magistrate issued a decision granting restitution. The same day, the trial court adopted the magistrate's decision and entered a writ of restitution ordering Crawford to vacate her apartment by March 23.

{¶ 3} Three days after the trial court granted restitution, Crawford filed objections to the magistrate's decision and a motion to stay execution pending a ruling on the objections. She also filed a praecipe for preparation of a transcript of the magistrate's hearing and a motion to supplement objections when the transcript is filed. On March 20, the trial court overruled the motion to stay, saying that a stay may be granted only after an appeal is filed. The next day, March 21, Crawford appealed this ruling. The day after that, March 22, the trial court stayed execution of the writ of restitution, stating that the filing of the appeal "now puts [Crawford's] request for stay properly before this Court for a decision on the merits on the motion for stay." The court also overruled Crawford's objections, though it did so "not on the merits of the objections, but on the basis that in a forcible entry and detainer action objections are not the proper method to challenge the issuance of the writ of restitution. A direct appeal is the proper method to challenge that decision." On April 5, the trial court granted Crawford's motion to stay, pending the underlying appeal, and ordered her to post a use and occupancy bond. A week later, on April 13, Crawford filed a notice of appeal from the March 14 judgment granting restitution and she filed a notice of appeal from the March 22 entry overruling her objections.

{¶ 4} All three of Crawford's appeals are before us now. KSA has not filed a brief in any of the appeals.

## II. Appeal of the March 20 entry overruling the motion for stay

{¶ 5} Crawford's first appeal is from the trial court's March 20 judgment overruling her motion for a stay pending objections. The sole assignment of error contends that the trial court erred by overruling this motion. The court ultimately did grant Crawford's motion for a stay pending this appeal on April 5. Consequently the question whether the court

erred by not doing so is moot.

{¶ 6} The sole assignment of error for that appeal is overruled.

### III. Appeal of the March 22 entry overruling objections

{¶ 7} Crawford assigns two errors to that part of the March 22 entry overruling her objections. The first assignment of error alleges that the trial court erred by concluding that the Ohio Rules of Civil Procedure do not apply to forcible entry and detainer proceedings. And the second assignment of error alleges that the trial court erred by concluding that filing objections to a magistrate's decision is not necessary or appropriate in a forcible entry and detainer proceeding.

{¶ 8} In its March 22 entry, the trial court says, "In the Court's Entry filed 20 March 2017, the Court noted that the Ohio Rules of Civil Procedure do not apply to a procedure in forcible entry and detainer." We doubt that the trial court's statement reflects a conclusion that *none* of the civil rules applies in a forcible entry and detainer proceeding. Rather, we suspect that the trial court was simply being consistent with what the court said in the March 20 entry: "Civ.R. 1(C) provides that the Ohio Rules of Civil Procedure do not apply to a procedure in forcible entry and detainer. *Colonial American Dev. Co. v. Griffith,* 48 Ohio St.3d 72, 549 N.E.2d 513 (1990). Therefore an automatic stay is not imposed under Ohio Civ R 53 when a Defendant files an objection to the decision of a Magistrate ordering restitution of the premises." We have said that "Civ.R. 1(C) expressly states that the Rules of Civil Procedure, to the extent that they would, by their nature, be clearly inapplicable, do not apply to forcible entry and detainer actions." *Gold Key Realty v. Collins*, 2d Dist. Greene No. 2013 CA 57, 2014-Ohio-4705, ¶ 15. Applying Civ.R. 1(C), the Ohio Supreme Court in *Griffith* concluded that the automatic stay provisions in former

Civ.R. 53(E)(7), now in Civ.R. 53(D)(4)(e)(i), do not apply to forcible entry and detainer actions. *Griffith* at the syllabus. In light of Civ.R. 1(C) and *Griffith*, there is simply no reasonable way to conclude that none of the civil rules apply to these actions.

{¶ 9} Concerning objections, in its March 22 entry, the trial court expressed its opinion that because an action in forcible entry and detainer is a summary proceeding, filing objections to the writ of restitution "is not a necessary or appropriate step in the appeal process." The trial court quotes *Griffith* that "[i]f judgment is entered against a defendant in a forcible entry and detainer action, he or she may delay execution and thereby eviction by filing a timely appeal pursuant to App. R. 4 and by posting a supersedeas bond." *Griffith* at 72. The trial court cites this court's opinion in *Cherry v. Morgan*, 2d Dist. Clark Nos. 2012 CA 11, 2012 CA 21, 2012-Ohio-3594, as well as R.C. 1923.14 for the proposition that "[a] direct appeal is the proper method to challenge that decision [writ of restitution]." It is for this reason, said the court, that it overruled Crawford's objections.

{¶ 10} The objection provisions in Civ.R. 53 create a procedural quagmire when applied to a forcible entry and detainer proceeding—proceedings which are supposed to be summary in nature. *Griffith* removed the rule's automatic-stay provision for a writ of restitution, but a party still has fourteen days to file objections, Civ.R. 53(D)(3)(b)(i), and another thirty days after filing objections to file a transcript, Civ.R. 53(D)(3)(b)(iii). After the transcript is ready, the objecting party may then ask the court for leave to file supplemental objections. *Id.* Then the trial court must rule on the objections, and the losing party then has thirty days to appeal. Without a stay, though, the entire action could be moot well before the objection process is exhausted. By statute, a writ of execution is

to be executed "by restoring the plaintiff to the possession of the premises" "within ten days after receiving" the writ. R.C. 1923.14(A). "Once a landlord has been restored to the property, the forcible entry and detainer action becomes moot because, having been restored to the premises, there is no further relief that can be granted." (Citation omitted.) *Cherry* at ¶ 4. Here, for example, the trial court ordered Crawford to be evicted just over a week after it issued the writ of restitution.

{¶ 11} R.C. 1923.14 suggests, as the trial court indicated, that filing an appeal is the proper course. The statute pertinently states that "[i]f an appeal from the judgment of restitution is filed and if, following the filing of the appeal, a stay of execution is obtained and any required bond is filed with the court of common pleas, municipal court, or county court, the judge of that court immediately shall issue an order to the sheriff, police officer, constable, or bailiff commanding the delay of all further proceedings upon the execution." R.C. 1923.14(A). But if objections are not proper, what about the requirement in Civ.R. 53(D)(3)(b)(iv) that to assign an error on appeal the party must have objected to it? And what about the requirement in App.R. 4(B)(2) that if a party files a notice of appeal before the trial court has resolved objections, the appellate court is to remand the matter for a ruling? In light of the potential delay objections would cause in the summary disposition of forcible entry cases, we have previously commented that perhaps a tenant need not file objections but rather proceed directly to appeal for relief. *Gold Key Realty v. Collins*, *supra*, ¶ 19. It makes little sense to require the filing of objections when that process will inevitably extend beyond the thirty day deadline for filing an appeal of the order to vacate the premises.

{¶ 12} Fortunately, in this case, we can avoid the procedural quagmire, because

Crawford has also appealed the March 14 judgment adopting the magistrate's decision and granting restitution, and in that appeal, she argues the merits of her objections. " 'In order to justify the reversal of a judgment or decree upon error, the record must show affirmatively, not only that error intervened, but that it was to the prejudice of the party seeking to take advantage of it.' " *In re Milella*, 4th Dist. Ross No. 01CA2593, 2001 WL 812808, *11 (Jun. 29, 2001), quoting *Ohio Life Ins. and Trust Co. v. Goodin*, 10 Ohio St. 557 (1860), paragraph one of the syllabus. There is no prejudice if a judgment is correct for a reason different than the one on which the trial court relied. *Bonner v. Bonner,* 3d Dist. Union No. 14-05-26, 2005-Ohio-6173, ¶ 18 ("A judgment by the trial court which is correct, but for a different reason, will be affirmed on appeal as there is no prejudice to the appellant."), citing *Lust v. Lust,* 3d Dist. Wyandot No. 16-02-04, 2002-Ohio-3629, ¶ 32, citing *Smith v. Flesher*, 12 Ohio St.2d 107, 110, 233 N.E.2d 137 (1967).

**{¶ 13}** Here, even if the trial court erred by overruling Crawford's objections, the error was harmless. None of the issues that Crawford raises in her objections are questions of fact. Indeed, few facts in this case are disputed. Rather, her objections raise primarily questions of law, which we can resolve as well as the trial court. And based on our de novo review of the March 14 judgment, we conclude that the trial court correctly adopted the magistrate's decision and granted KSA restitution. *Compare In the Matter of I.U.*, 2d Dist. Champaign No. 2007 CA 9, 2007-Ohio-6264; *Goldfuss v. Traxler*, 3d Dist. Wyandot No. 16-08-12, 2008-Ohio-6186, ¶ 28 (relying on additional grounds not relied on by the trial court to conclude that the writ of restitution was appropriate). We explain those reasons next in our review of the March 14 judgment.

**{¶ 14}** Both assignments of error in this appeal are overruled.

### IV. Appeal of the March 14 judgment granting restitution

{¶ 15} In her appeal of the March 14 judgment granting KSA restitution, Crawford presents three assignments of error, each of which is an objection to the magistrate's decision that Crawford filed in the trial court.

#### A. *Was the November 23, 2016 notice of termination defective?*

{¶ 16} The first assignment of error argues that the trial court did not have subject matter jurisdiction over the case because the 30-day notice of termination that KSA served Crawford on November 23, 2016, was defective. Crawford contends that the notice fails to specify the acts or omissions that constitute a violation of the lease.

{¶ 17} The governing Ohio statute provides that "[i]f the tenant fails to fulfill any obligation imposed upon him by section 5321.05 of the Revised Code that materially affects health and safety, * * * the landlord may deliver a written notice of this fact to the tenant specifying the act or omission that constitutes noncompliance with the pertinent obligations and specifying that the rental agreement will terminate upon a date specified in the notice * * *." R.C. 5321.11. A federal regulation (which applies because Crawford's rent is federally subsidized) requires a notice of termination to "state the reasons for the landlord's action with enough specificity so as to enable the tenant to prepare a defense." 24 C.F.R. 247.4(a). Crawford's lease contains a substantively similar provision.

{¶ 18} The November termination notice states that Crawford's tenancy is being terminated because of her "material non-compliance with the lease and community rules." The notice then quotes a provision in the lease that requires the tenant to obey the community rules and specifically quotes the rule that a tenant must keep her apartment unit " 'in a decent, safe, and sanitary condition (including appliances), at all times.' "

Citing the lease, the notice states that "material non-compliance with the lease" includes " 'repeated minor violations of the lease that * * * adversely affect the health and safety of any person.' " The notice then cites these facts:

(1) Your unit was inspected on 5/19/16 for your Annual Recertification. The unit failed the housekeeping inspection and a letter was delivered on 5/27/16 explaining the deficiencies and giving you the date of re-inspection.

(2) Your unit was re-inspected on 6/27/16 and again failed.

**{¶ 19}** Crawford says that at the hearing KSA did not present either the inspection reports or the letter explaining the deficiencies. She also says that KSA presented no testimony as to the substance of the failed inspections or referenced letter and that there is nothing in the record to show that either the inspection or letter explaining the deficiencies were sufficient to satisfy the specificity requirement. We have said that a court may look beyond the written notice to determine whether the specificity requirements of the federal regulation were satisfied: "Facts and circumstances otherwise known to the family and of which they are given notice by reference through the written termination notice are within the contemplation of the regulation." *Northland Village Apts. v. Hamp*, 2d Dist. Montgomery No. 12407, 1991 WL 108717, *1 (Jun. 20, 1991).

**{¶ 20}** Here, KSA presented photographs of Crawford's apartment that were taken during the inspections. A KSA employee testified about the problems that the pictures showed. The employee also testified that she showed Crawford the pictures and told her that she would give her a copy so that she could see the things that needed to be done. Crawford did not present any evidence that she did not know what the problems were. Based on the evidence, the court could reasonably have found that Crawford knew why

she failed the inspections with enough specificity to prepare a defense.

{¶ 21} The first assignment of error is overruled.

B. *Did KSA waive the breach?*

{¶ 22} The second assignment of error argues that KSA waived Crawford's breach by accepting rent payments after the breach.

{¶ 23} The applicable rule is that "[a] landlord who accepts future rent payments after serving a notice to vacate is deemed to have waived the notice to vacate as a matter of law because such acceptance is inconsistent with the notice to vacate." *Eureka Multifamily Group v. Terrell*, 6th Dist. Lucas No. L-14-1152, 2015-Ohio-1861, ¶ 13, citing *Colbert v. McLemore*, 8th Dist. Cuyahoga No. 81961, 2003-Ohio-3255, ¶ 7. Here, KSA did not accept any payments from Crawford after it served her with the first notice of termination in this case. There is no dispute in the record that the last rent payment that KSA accepted from her was in August 2016 or that KSA served Crawford the 30-day notice of termination the following November. KSA did accept rent from Crawford after the failed inspections in May and June 2016, but in August, KSA was apparently still hoping that Crawford would remedy the breach.

{¶ 24} The second assignment of error is overruled.

C. *Did KSA fail to grant Crawford a reasonable accommodation?*

{¶ 25} The third assignment of error argues that KSA failed to grant Crawford a reasonable accommodation because of her disability.

{¶ 26} On September 1, 2016, Crawford's attorney sent KSA a letter asking that it give Crawford a reasonable accommodation because she is disabled. Specifically, the letter states that "Ms. Crawford requests a reasonable accommodation in the form of a

two-week extension of time to address any failed inspection items." While KSA did not respond to the letter or talk to Crawford about her request, it did not give her the first notice of termination until November 23, 2016. And, KSA did not file this action against Crawford until January 2017. Despite having had months to address the failed inspection items, Crawford still had not done so. Regardless whether KSA should have handled the reasonable-accommodation request differently, it effectively gave Crawford more accommodation than she requested.

**{¶ 27}** The third assignment of error in this appeal is overruled.

## V. Conclusion

**{¶ 28}** We have overruled each of the assignments of error presented in each of Crawford's appeals. Therefore all of the appealed judgments are affirmed.

. . . . . . . . . . . .

DONOVAN, J. and TUCKER, J., concur.

Copies mailed to:

Derrick Strahorn
Debra Lavey
Hon. James F. Long