[Cite as *Ford v. Crawford*, 2021-Ohio-454.]

## IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| EMMIT FORD, et al. | : | |
| | : | |
| Plaintiffs-Appellees | : | Appellate Case No. 28717 |
| | : | |
| v. | : | Trial Court Case No. 2020-CVG-124W |
| | : | |
| RYAN CRAWFORD | : | (Civil Appeal from Municipal Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 19th day of February, 2021.

. . . . . . . . . . .

EMMIT FORD and FLORENCE FORD, P.O. Box 235, Dayton, Ohio 45405
    Plaintiffs-Appellees, Pro Se

RYAN CRAWFORD, 5205 Bessmer Drive, Trotwood, Ohio 45426
    Defendant-Appellant, Pro Se

. . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Appellant, Ryan Crawford, appeals from a judgment which granted appellees, Emmit and Florence Ford, restitution of a premises located on Bessmer Drive in Trotwood, Ohio. Since Crawford's brief does not articulate an assignment of error but, instead, indicates that the dispute between the parties has been resolved, the trial court's judgment will be affirmed.

## Facts and Procedural History

{¶ 2} Crawford and Ford[1] entered into a rental agreement regarding a home located on Bessmer Drive. In January 2020, Ford filed a Petition for Forcible Entry and Detainer alleging that Crawford had failed to pay rent, that the statutory three-day notice to pay the back rent or vacate the premises had been served, and that Crawford remained in possession of the premises. The trial court, it seems,[2] conducted a forcible entry and detainer hearing, and Ford was granted restitution of the premises. This appeal followed.

## Analysis

{¶ 3} "A forcible entry and detainer action decides the right to immediate possession of property and 'nothing else.' " *Miami Valley Housing v. Jackson*, 2d Dist. Montgomery No. 25020, 2012-Ohio-5103, ¶ 5, quoting *Goldstein v. Patel*, 9th Dist. Lorain Nos. 02CA8183 and 02CA8199, 2003-Ohio-4386, ¶ 4, quoting *Seventh Urban Inc. v. Circle Prop. Dev. Inc.*, 67 Ohio St.2d 19, 25, 423 N.E.2d 1070, fn. 11 (1981). App.R. 16(A) requires, among other things, that the appellant set forth in his brief one or more assignments of error and "an argument containing his contentions with respect to each

---

[1] For clarity, appellees will be referred to in the singular as "Ford."

[2] Crawford did not cause a transcript of the forcible entry and detainer hearing to be filed.

assignment of error * * * ."  App.R. 16(A)(7).  If a brief fails to articulate an assignment of error with a supporting argument, an appellate court may affirm the trial court's decision on this basis.  *Osborn v. Sigler,* 11th Dist. Trumbull No. 2010-T-92, 2011-Ohio-3750, ¶ 14.

{¶ 4} Crawford's brief does not set forth an assignment of error with a supporting argument.  The brief, instead, asserts that the parties have resolved their dispute such that Crawford remains in possession of the property.  Ford has not filed a brief asserting a contrary contention.  Since we do not have an assignment of error to resolve, the trial court's judgment will be affirmed.

**Conclusion**

{¶ 5} For the stated reasons, the judgment of the Montgomery County Municipal Court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies sent to:

Emmit & Florence Ford
Ryan Crawford
Hon. James D. Piergies