[Cite as *Williams Pointe Holdings, L.L.C. v. Rude*, 2025-Ohio-133.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

|  |  |  |
|---|---|---|
| WILLIAMS POINTE HOLDINGS, LLC, | : | CASE NO. CA2024-06-041 |
| Appellant, | : | |
| | : | O P I N I O N<br>1/21/2025 |
| - vs - | : | |
| | : | |
| ERIN RUDE, | : | |
| Appellee. | : | |

CIVIL APPEAL FROM CLERMONT COUNTY MUNICIPAL COURT
Case No. 2024 CVG 00936

Heyman Law, LLC, and Matthew W. Faber and D. Andrew Heyman, for appellant.

Erin Rude, pro se.

**M. POWELL, J.**

{¶ 1} Appellant, Williams Pointe Holdings, LLC ("Williams Pointe"), appeals a decision of the Clermont County Municipal Court dismissing its forcible entry and detainer complaint against appellee, Erin Rude.[1]

---

1. Pursuant to Loc.R. 6(A), we sua sponte remove this appeal from the accelerated calendar.

{¶ 2}  Rude is a tenant of Williams Pointe in residential premises in Williamsburg, Ohio.  On March 21, 2024, based upon criminal activity originating from the premises and Rude allowing Scott Hill to reside with her on the premises, Williams Pointe served Rude with two notices stapled together.  One notice was a three-day notice to leave the premises for "breach of the lease: criminal activity and unauthorized occupants."  The other notice was a 30-day notice to cure quiet and peaceful enjoyment violations.  The three-day notice included language advising Rude that

> THIS NOTICE IS INDEPENDENT AND ACTIONABLE, SEPARATE AND APART FROM THE NOTICE CONTEMPORANEOUSLY SERVED WITH IT FOR QUIET AND PEACEFUL ENJOYMENT VIOLATIONS (ALSO POSTED ON MARCH 20, 2024). IF YOU DO NOT RELINQUISH THE PREMISES TO YOUR LANDLORD WITHIN THE THREE DAYS ALLOTTED BY THIS NOTICE, AN EVICTION ACTION WILL BE FILED AGAINST YOU BASED ON THIS NOTICE.

{¶ 3}  Rude failed to vacate the premises within three days of the service of the three-day notice upon her.  Consequently, on April 9, 2024, Williams Pointe filed a forcible entry and detainer ("FED") action in the municipal court against Rude.  The three-day notice was attached to the complaint.

{¶ 4}  A hearing was held on the FED action before a magistrate.  Rude admitted that the police were called to the premises multiple times, which were "at a minimum a nuisance," and that Hill was residing with her on the premises.  Rude acknowledged that the two notices were served upon her on the same day.  She testified, however, that she was confused by the two notices and that therefore, she relied upon the 30-day notice.  Hill also testified and admitted he was residing on the premises.

{¶ 5}  On May 6, 2024, the magistrate issued a decision dismissing Williams Pointe's FED action.  The magistrate found that Rude was not served a proper notice because the two notices were served contemporaneously, thus preventing the magistrate

from determining which notice was controlling. The magistrate's decision also advised the parties that objections to the magistrate's decision "must be filed with the Clerk of Courts within 14 days from the filing of the Magistrate's Decision. Said objections must comply with [Civ.R.] 53(D)(3)(b)(ii)(iii)." On May 7, 2024, the municipal court adopted the magistrate's decision and dismissed Williams Pointe's FED action with prejudice.

{¶ 6} Williams Pointe filed objections to the magistrate's decision. The objections included a reference to the 30-day notice and stated that this notice, like the 3-day notice attached to the FED complaint, advised Rude that "THIS NOTICE IS INDEPENDENT AND ACTIONABLE, SEPARATE AND APART FROM THE NOTICE CONTEMPORANEOUSLY SERVED WITH IT FOR CRIMINAL ACTIVITY AND UNAUTHORIZED OCCUPANTS POSTED ON MARCH 20, 2024. A SEPARATE EVICTION ACTION MAY BE INITIATED PURSUANT TO THIS NOTICE." The 30-day notice was neither attached to the FED complaint nor introduced as evidence in the FED hearing. However, counsel for Williams Pointe read the above advisement during the hearing in response to a question by the magistrate.

{¶ 7} On May 29, 2024, the municipal court overruled Williams Pointe's objections to the magistrate's decision, finding that Civ.R. 53(D)(3)(b) objections were inapplicable to FED actions pursuant to this court's opinion in *Suburban Realty L.P. v. MD Vape & Tobacco, L.L.C.*, 2023-Ohio-3198 (12th Dist.).

{¶ 8} Williams Pointe now appeals, raising two assignments of error.

{¶ 9} Assignment of Error No. 1:

{¶ 10} THE TRIAL COURT ERRED IN FINDING IN FAVOR OF RUDE AND AGAINST WILLIAMS POINTE THAT THE SERVICE OF A THIRTY-DAY NOTICE TO CURE INVALIDATED A THREE-DAY NOTICE TO VACATE.

{¶ 11} Williams Pointe argues the municipal court erred in dismissing its FED

complaint against Rude.

{¶ 12} R.C. Chapter 1923 governs FED actions. R.C. 1923.04(A) provides in pertinent part that

> a party desiring to commence an action under this chapter shall notify the adverse party to leave the premises, for the possession of which the action is about to be brought, three or more days before beginning the action, by certified mail, return receipt requested, or by handing a written copy of the notice to the defendant in person, or by leaving it at the defendant's usual place of abode or at the premises from which the defendant is sought to be evicted.

{¶ 13} R.C. 1923.02(A) lists persons subject to an FED action, which includes "tenants who have breached an obligation that is imposed by [R.C.] 5321.05, other than the obligation specified in division (A)(9) of that section, and that materially affects health and safety," and "tenants who have breached an obligation imposed upon them by a written rental agreement." R.C. 1923.02(A)(8) and (9). A three-day notice under R.C. 1923.04(A) is a statutory prerequisite to filing an FED action. *Voyager Village Ltd. v. Williams*, 3 Ohio App.3d 288, 290 (2d Dist. 1982).

{¶ 14} Two statutory provisions of the Revised Code require a 30-day termination notice: R.C. 5321.11 and 5321.17(B). R.C. 5321.17, which allows landlords to terminate periodic tenancies, is not applicable here because Rude was subject to an eight-month lease which was to expire in July 2024. R.C. 5321.11 provides in pertinent part that

> If the tenant fails to fulfill any obligation imposed upon him by [R.C.] 5321.05 that materially affects health and safety, other than the obligation specified in division (A)(9) of that section, the landlord may deliver a written notice of this fact to the tenant . . . specifying that the rental agreement will terminate upon a date specified in the notice, not less than thirty days after receipt of the notice.

R.C. 5321.05 lists a tenant's obligations, including to "[c]onduct himself and require other persons on the premises with his consent to conduct themselves in a manner that will not

disturb his neighbors' peaceful enjoyment of the premises." R.C. 5321.05(A)(8).

{¶ 15} Rude was served with a three-day notice to leave the premises "for breach of the lease and addenda: criminal activity and unauthorized occupants." The notice is an R.C. 1923.04(A) three-day notice. Rude was also served with a thirty-day notice to cure quiet and peaceful enjoyment violations. That notice was an R.C. 5321.11 notice. *See also* R.C. 5321.05(A)(8). Williams Pointe alleged in its FED complaint that Rude had breached an obligation imposed upon her under the lease agreement on grounds of "criminal activity, unauthorized occupants." Unlike a tenant who has breached an obligation "imposed by [R.C.] 5321.05 . . . that materially affects health and safety," an R.C. 5321.11 notice is not a prerequisite to serving a three-day notice and commencing an FED action against a tenant for breaching an obligation imposed by the written rental agreement. Thus, Rude was subject to an FED action upon proper service of the R.C. 1923.04 three-day notice.

{¶ 16} The record plainly shows that the notices served upon Rude were separate notices governed by different chapters of the Revised Code (R.C. Chapters 1923 and 5321), that they were independent of one another–a three-day notice to vacate the premises for breach of the lease agreement and a 30-day notice to cure quiet and peaceful enjoyment violations–and that the language in the notices advised Rude of this fact. Thus, Rude was properly notified that she had three days to vacate the premises. The R.C. 1923.04 notice properly invoked the municipal court's FED jurisdiction and the municipal court erred in holding otherwise and failing to consider the merits of the case.

{¶ 17} Williams Pointe's first assignment of error is sustained.

{¶ 18} Assignment of Error No. 2:

{¶ 19} THE TRIAL COURT ERRED IN STATING IN ITS MAGISTRATE'S DECISION THAT WILLIAMS POINTE HAD THE RIGHT TO OBJECT TO THE

MAGISTRATE'S DECISION ONLY TO LATER DENY SAID RIGHT.

{¶ 20} Williams Pointe argues the municipal court erred by overruling its objections to the magistrate's decision because it filed the Civ.R. 53(D) objections as directed by the notice in the magistrate's decision.

{¶ 21} Forcible entry and detainer, as authorized in R.C. Chapter 1923, is a summary proceeding and is intended to serve as an expedited mechanism by which an aggrieved landlord may recover possession of real property. *Miele v. Ribovich*, 2000-Ohio-193, ¶ 10. The Rules of Civil Procedure do not apply to forcible entry and detainer actions to the extent they would by their nature be clearly inapplicable. Civ.R. 1(C)(3). The Ohio Supreme Court has held that a different provision of Civ.R. 53, the automatic stay provision, does not apply to FED actions. *Colonial Am. Dev. Co. v. Griffin*, 48 Ohio St.3d 72 (1990), syllabus. The supreme court based its decision on the potential for delay in applying the Civ.R. 53 automatic stay provision in FED actions. We recently held that "in light of the holding in *Griffin*, the objection provisions of Civ.R. 53(D)(3)(b) are, by their nature, 'clearly inapplicable' to FED proceedings due to their summary nature." *Suburban Realty*, 2023-Ohio-3198, ¶ 30-31. In light of this court's foregoing holding, the municipal court did not err in overruling Williams Pointe's objections to the magistrate's decision, notwithstanding the objections notice in the magistrate's decision.

{¶ 22} Williams Pointe's second assignment of error is overruled.

{¶ 23} Judgment reversed and remanded for the municipal court to rule upon the merits of Williams Pointe's FED complaint against Rude.

BYRNE, P.J., and PIPER, J., concur.